UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREAT BOWERY INC d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC.; and DOES 1 through 10 inclusive<br><br>Defendant. | Case No. **9:23-cv-80488**<br><br>**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Great Bowery Inc d/b/a Trunk Archive, by and through their undersigned counsel, and pursuant to Rules 15 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court for, Leave to File a First Amended Complaint, a draft of which is attached hereto as Exhibit A. Counsel for Plaintiff conferred with Defendant's counsel prior to the filing of this motion and Defendant has opposed Plaintiff's request to Amend the Complaint. The Parties jointly requests that Court stay, or alternatively extend, the deadline for the Parties to file their dispositive motions, currently set for May 10, 2024, until the Court determines whether to grant this request. The Parties joint request has been filed separately on the docket.

## FACTUAL BACKGROUND

1. On or about March 29, 2023 Plaintiff filed their Complaint (Dkt. 1) against Defendants Consequence Sound LLC, Consequence Media LLC and DOES 1 through 10, inclusive ("Consequence" or "Defendants") alleging copyright infringement.

2. On or about June 20, 2023, Defendants were each served with the Summons and Complaint. (Dkt. 9, Dkt. 10).

3. Defendant filed their Answer on July 13, 2023.

4. Since that date, and pursuant to the Court's Scheduling Order, entered on the docket as Docket Entry #14, the Parties have engaged in discovery and limited settlement discussions.

5. The Parties engaged in the required mediation on May 2nd, 2024 but were not able to come to an agreement.

6. Dispositive motions are currently due by May 10, 2024. (Dkt. 14)

7. Based on the issues raised by Defendant, and in an effort to make any time spent by the Court on this matter as efficient as possible, Plaintiff seeks to add two Plaintiffs to this lawsuit – copyright holder Annie Leibovitz and her studio, AL Studios LLC.

8. Additionally, the Parties jointly request a stay of the dispositive motion deadline, currently set for May 10, 2024.

## ARGUMENT

### A. Leave to Amend Complaint

In reviewing motions for leave to amend, courts are guided by Rule 15(a)'s instruction that ordinarily leave is to be "freely given when justice so requires." *See* Fed. R. Civ. P. 15. In *Forman v. Davis*, 371 U.S. 178 (1962), the Supreme Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court further noted that a party ought to be afforded the opportunity to amend so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.

The Eleventh Circuit has noted the following with respect to Rule 15(a):

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc*., 713 F.2d 618 (11 Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp*., 660 F.2d 594, 597 (5 Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).

In the instant action, Plaintiff is not filing this motion for any dilatory or bad faith reason. Rather, Plaintiff has become aware that Defendant questions Plaintiff's standing to sue as the exclusive licensor of Annie Leibovitz' Star Wars Photographs.

To ensure that standing is not an issue and to bypass excessive motion practice between the Parties as to the issue of standing, Plaintiff's request to amend the Complaint is made in order to add additional parties who have standing to enforce Ms. Leibovitz' copyrighted photographs.

Furthermore, the proposed Amended Complaint flows from the same set of operative facts and circumstances that form the basis of this action, and therefore, granting this motion will not create any delay in discovery or affect expeditious resolution of this case on a reasonable schedule. Plaintiff acknowledges that the discovery period in this matter ended on April 12, 2024. However, Plaintiff strongly contends that there is no delay in discovery as any information regarding the additional parties was already discoverable to Defendant. Ms. Leibovitz herself was listed as a party of interest in Plaintiff's Notice of Interested Parties as the copyright holder of the Photographs at issue. *See* Dkt. 7. Further, Plaintiff's Initial Disclosures to Defendants indicated that Ms. Leibovitz was a party with discoverable information. Moreover, as the entity that Ms. Leibovitz uses to broker her business deals, any discoverable information possessed by AL Studios as it relates to the Star Wars Photographs at issue here, would have also been discoverable via Annie Leibovitz directly.

Plaintiff believes that the major issue holding up resolution of this matter is whether Trunk Archive has standing to sue for copyright infringement. Thus, it is in the interest of both justice and efficiency to grant Plaintiff's requested motion, as the inclusion of Ms. Leibovitz, who is the copyright holder, and AL Studios LLC, which acts as her agent for her photography services, would eliminate the need for the Parties

and the Court to spend an excessive amount of time to resolve the issue of standing. As Plaintiff's request is meant to solve a procedural issue, it is in the interest of the Court and the Parties for the Court to grant the request so that focus can go to the merits of the case.

WHEREFORE, Plaintiff Trunk Archive, respectfully requests this Court grant their request for leave to file their First Amended Complaint, attached hereto as Exhibit A.

DATED: May 6, 2024

Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
*Admitted Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Attorney for Plaintiff*

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

In accordance with Local Rule 7.1.(A)(3), the undersigned hereby certifies that the parties met and conferred on the contents of this motion on May 6, 2024. Defendant opposes Plaintiff's instant motion.

Dated: May 6, 2024                              Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
*Admitted Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that Plaintiff's Motion For Leave to Amend the Complaint has been served on all parties who have appeared in this case by using the Court's CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record listed with the Clerk of the Court.

*/s/ Taryn R. Murray*
Taryn R. Murray