**EXHIBIT D**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

You are directed to furnish all documents, including electronically stored information, in your possession, custody, or control as requested and defined herein.

### Definitions

1. In these Requests, Production, gender shall not exclude information. Pronouns that are masculine, feminine, or neutral shall not exclude information pertaining to any other gender.

2. The phrase "third party" means any person or entity other than the above-captioned parties to this lawsuit.

3. "You" and "Your" mean Advance Magazine Publishers Inc. as well as its employees, agents, counsel, and all other persons acting or purporting to act on its behalf.

4. "Complaint" means the Complaint filed by Great Bowery Inc. in the Southern District of Florida on March 29, 2023 in the above-captioned action.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft of non-identical copy is a separate document within the meaning of this term.

7. "Identify" when used to refer to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. "Identify" when used to refer to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s),

and recipient(s). In the alternative, You may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

## Instructions

1. These Requests are to be construed as requiring the production of documents and things to the fullest extent permitted under Federal Rule of Civil Procedure 34.

2. The documents sought include all responsive documents within Plaintiff's possession, custody, or control.

3. In responding to these document requests, You are required to produce all documents that are available to You or subject to Your reasonable inquiry, including documents in the possession of your attorneys, advisors, accountants, agents, representatives, subsidiaries, affiliates, parents, investors, officers, directors, or other persons directly or indirectly employed by or connected with You or Your attorneys or anyone else subject to your control.

4. A document or thing is in Your possession, custody, or control if:

   a. it is in Your physical control;

   b. or if it is in the physical control of any other person and You:

      i. own the document or thing in whole or in part;

      ii. have the right by contract, statute, or otherwise to use, inspect, examine, or copy that document or thing or any terms; or

      iii. have as a practical matter been able to use, inspect, examine, or copy that document or thing when you sought to do so, or could do so.

5.        Each Request herein for any document or thing to be produced contemplates production of the documents or things in their entireties, without abbreviation, deletions or redacted materials, and as they are kept in the ordinary course of business. File folders and notebooks with tabs or labels identifying documents must be produced intact with such documents. Electronic records or computerized information must be produced in an intelligible format, or together with a description of the system from which the information was collected to permit rendering the materials readable, usable and subject to copying.

6.        All documents shall be produced in a reasonably usable format pursuant to Rule 34 of the Federal Rules of Civil Procedure. Consequence requests the production of native binary files for all electronically stored information. Consequence requests that all databases containing responsive data be identified with a description of the data model to allow transfer of or access to the discoverable information in a reasonably usable format. Consequence requests that all other file types be produced in searchable PDF or TIFF format. The process used to create the searchable PDFs or TIFFs must not degrade the accuracy of the searchable text. In addition to the native and searchable files, Consequence requests the production of an associated file (i.e., load file) in delimited text or XML format containing associated metadata.

7.        Documents shall be produced in their original states without alteration or redaction. If You must redact a portion of a document because of privilege or other compulsion, indicate on the documents produced where any information was redacted.

8.        Each non-identical copy or non-identical original of a document that is produced is considered a separate document and is also to be produced.

9.        Unless otherwise stated, these Requests concern all relevant events from January 1, 2015 to the present.

10.        If You intend to refuse to produce documents responsive to any of the following requests on grounds of vagueness or ambiguity, Consequence requests that You contact the undersigned counsel

within seven (7) days of service of these Requests so that any purported ambiguity or vagueness can be resolved. If You remain uncertain after receiving clarification, Consequence shall set forth its understanding of the allegedly vague or ambiguous term and You shall then provide a response and documents based on Consequence's stated understanding.

11. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and all recipients of the document; the date of the document; a description of the contents or nature of the document; and an explanation of the basis for the asserted privilege.

12. If any documents or information called for by these requests have been lost, destroyed, discarded, stolen, or otherwise made unavailable for production, identify each such document with the date of loss, destruction, discard, or theft, the circumstances of same, and all persons known to have been furnished a copy of such document or informed of its substance.

13. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this discovery is continuing in nature. Responses shall be modified or supplemented as You obtain further or different information prior to the trial of this matter.

## Requests for Production

**REQUEST NO. 1:**

All agreements between You and the photograph Annie Leibovitz from January 1, 2015 to the present.

**REQUEST NO. 2:**

All communications between You and the photographer Annie Leibovitz from January 1, 2015 to the present.

**REQUEST NO. 3:**

All communications between You and AL Studio, LLC from January 1, 2015 to the present.

**REQUEST NO. 4:**

All agreements between You and AL Studio, LLC from January 1, 2015 to the present.

**REQUEST NO. 5:**

All agreements between Conde Nast, or any other predecessor in interest, and Annie Leibovitz from January 1, 2015 to the present.

**REQUEST NO. 6:**

All agreements between Conde Nast, or any other predecessor in interest, and AL Studio, LLC from January 1, 2015 to the present.

**REQUEST NO. 7:**

All communications between Conde Nast, or any other predecessor in interest, and AL Studio, LLC from January 1, 2015 to the present.

**REQUEST NO. 8:**

All communications between Conde Nast, or any other predecessor in interest, and Annie Leibovitz from January 1, 2015 to the present.

**REQUEST NO. 9:**

All communications between You and Great Bowery Inc. d/b/a Trunk Archive from January 1, 2015 to the present.

**REQUEST NO. 10:**

All agreements between You and Great Bowery Inc. d/b/a Trunk Archive from January 1, 2015 to

the present.

|  |  |
|---|---|
| Dated: March 8, 2024<br>New York, New York | /Anderson J. Duff/<br>Anderson J. Duff (*pro hac vice*)<br>DUFF LAW PLLC<br>353 Ocean Ave. Ste. 4E<br>New York, New York 11226<br>(t) 646.450.3607<br>(e) ajd@hoganduff.com |

## CERTIFICATE OF SERVICE

I, Anderson J. Duff, hereby state that I served the foregoing on Advance Magazine Publisher Inc. via certified mail on March 8, 2024 to:

>Advance Magazine Publishers Inc.
>c/o Cogency Global Inc.
>122 East 42nd Street
>18th Floor
>New York, New York 10168
>
>and
>
>Advance Magazine Publishers Inc.
>One World Trade Center
>New York, New York 10007

With a copy to Plaintiff's counsel via email to:

>Melissa A. Higbee, Esq.
>HIGBEE & ASSOCIATES
>1504 Brookhollow Dr., Ste. 112
>Santa Ana, California 92705-5418
>(e) mclark@higbeeassociates.com


/Anderson J. Duff/
Anderson J. Duff