**EXHIBIT I**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Great Bowery Inc. d/b/a Trunk Archive,<br><br>Plaintiff,<br><br>v.<br><br>Consequence Sound LLC, Consequence Media Group Inc. *et al.*,<br><br>Defendants. | **Defendant's Second Set of Requests for Production to Plaintiff Great Bowery Inc.**<br><br>Civil Action No.: 9:23-cv-80488-RLR |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Consequence Sound LLC ("Consequence") requests that Plaintiff Great Bowery Inc. ("Plaintiff") answer the following Requests for the Production of Documents ("Requests") separately and fully in writing. Consequence requests that Plaintiff produce all responsive documents and materials to the offices of Duff Law PLLC via email to *ajd@hoganduff.com* or via any other arrangement upon which the Parties agree or as mandated by the Court.

## DEFINITIONS

1. In these Requests, Production, gender shall not exclude information. Pronouns that are masculine, feminine, or neutral shall not exclude information pertaining to any other gender.

2. The phrase "third party" means any person or entity other than the above-captioned parties to this lawsuit.

3. "You" and "Your" mean Plaintiff as well as its employees, agents, counsel, and all other persons acting or purporting to act on its behalf.

4. "Complaint" means the Complaint filed by Plaintiff in the Southern District of Florida on March 29, 2023 in the above-captioned action.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft of non-identical copy is a separate document within the meaning of this term.

7. "Identify" when used to refer to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. "Identify" when used to refer to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, You may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1. These Requests are to be construed as requiring the production of documents and things to the fullest extent permitted under Federal Rule of Civil Procedure 34.

2. The documents sought include all responsive documents within Plaintiff's possession, custody, or control.

3. In responding to these document requests, You are required to produce all documents that are available to You or subject to Your reasonable inquiry, including documents in the possession of your attorneys, advisors, accountants, agents, representatives, subsidiaries, affiliates, parents, investors, officers, directors, or other persons directly or indirectly employed by or connected with You or Your attorneys or anyone else subject to your control.

4. A document or thing is in Your possession, custody, or control if:

    a. it is in Your physical control;

    b. or if it is in the physical control of any other person and You:

        i. own the document or thing in whole or in part;

        ii. have the right by contract, statute, or otherwise to use, inspect, examine, or copy that document or thing or any terms; or

        iii. have as a practical matter been able to use, inspect, examine, or copy that document or thing when you sought to do so, or could do so.

5. Each Request herein for any document or thing to be produced contemplates production of the documents or things in their entireties, without abbreviation, deletions or redacted materials, and as they are kept in the ordinary course of business. File folders and notebooks with tabs or labels identifying documents must be produced intact with such

documents. Electronic records or computerized information must be produced in an intelligible format, or together with a description of the system from which the information was collected to permit rendering the materials readable, usable and subject to copying.

6. All documents shall be produced in a reasonably usable format pursuant to Rule 34 of the Federal Rules of Civil Procedure. Consequence requests the production of native binary files for all electronically stored information. Consequence requests that all databases containing responsive data be identified with a description of the data model to allow transfer of or access to the discoverable information in a reasonably usable format. Consequence requests that all other file types be produced in searchable PDF or TIFF format. The process used to create the searchable PDFs or TIFFs must not degrade the accuracy of the searchable text. In addition to the native and searchable files, Consequence requests the production of an associated file (i.e., load file) in delimited text or XML format containing associated metadata.

7. Documents shall be produced in their original states without alteration or redaction. If You must redact a portion of a document because of privilege or other compulsion, indicate on the documents produced where any information was redacted.

8. Each non-identical copy or non-identical original of a document that is produced is considered a separate document and is also to be produced.

9. Unless otherwise stated, these Requests concern all relevant events from the period starting when Plaintiff or any third party acting in concert with or at his direction, first became aware of the circumstances alleged in the Complaint.

10. If You intend to refuse to produce documents responsive to any of the following requests on grounds of vagueness or ambiguity, Consequence requests that You contact the

undersigned counsel within seven (7) days of service of these Requests so that any purported ambiguity or vagueness can be resolved. If You remain uncertain after receiving clarification, Consequence shall set forth its understanding of the allegedly vague or ambiguous term and You shall then provide a response and documents based on Consequence's stated understanding.

11.     If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of the sender and all recipients of the document; the date of the document; a description of the contents or nature of the document; and an explanation of the basis for the asserted privilege.

12.     If any documents or information called for by these requests have been lost, destroyed, discarded, stolen, or otherwise made unavailable for production, identify each such document with the date of loss, destruction, discard, or theft, the circumstances of same, and all persons known to have been furnished a copy of such document or informed of its substance.

13.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this discovery is continuing in nature. Responses shall be modified or supplemented as You obtain further or different information prior to the trial of this matter.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 8:**

All licenses granted by You to any party for each of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**REQUEST NO. 9:**

All licenses granted by You to any party for any photograph taken by Annie Leibovitz.

**REQUEST NO. 10:**

All documents showing the current licensing fees for use of each of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**REQUEST NO. 11:**

Documents sufficient to show all income You have generated by licensing the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**REQUEST NO. 12:**

Documents sufficient to Identify all parties that have obtained a license to any of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint from You.

**REQUEST NO. 13:**

All licenses granted to any party by You for the editorial use of any photograph taken by Annie Leibovitz.

**REQUEST NO. 14:**

All communications between You, *Vanity Fair*, Conde Nast, and/or Annie Leibovitz concerning any photographs taken by Leibovitz.

**REQUEST NO. 15:**

All written agreements concerning any of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**REQUEST NO. 16:**

The invoice for the lowest licensing fee charged by You for any photograph taken by Annie Leibovitz.

**REQUEST NO. 17:**

All documents and communications not otherwise produced that support Your claim for copyright infringement made in the Complaint.

**REQUEST NO. 18:**

All documents and communications not otherwise produced that support Your claim for damages made in the Complaint.

**REQUEST NO. 19:**

All communications You have sent or had sent to any party asserting a claim of copyright infringement on behalf of Annie Leibovitz.

**REQUEST NO. 20:**

All settlement agreements between You and any third party concerning any photograph taken by Annie Leibovitz.

Dated: March 8, 2024  
      New York, New York

/Anderson J. Duff/  
Anderson J. Duff (*pro hac vice*)  
DUFF LAW PLLC  
353 Ocean Avenue Ste. 4E  
New York, New York 11226  
(t) 646.450.3607  
(e) ajd@hoganduff.com

## CERTIFICATE OF SERVICE

I, Anderson J. Duff, hereby state that I served the foregoing Requests for Production on Plaintiff via email on March 8, 2024 to:

> Melissa A. Higbee, Esq.
> HIGBEE & ASSOCIATES
> 1504 Brookhollow Dr., Ste. 112
> Santa Ana, California 92705-5418
> (e) mclark@higbeeassociates.com

/Anderson J. Duff/
Anderson J. Duff
