**EXHIBIT J**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| GREAT BOWERY INC d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC.; and DOES 1 through 10 inclusive<br><br>Defendant. | Case No. **9:23-cv-80488**<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Great Bowery Inc d/b/a Trunk Archive hereby submits these responses to Defendants Consequence Sound LLC, Consequence Media Group Inc's, et al. for the First Set of Interrogatories pursuant to the Local Rules and Fed. R. Civ. P. 26(b).

## <u>GENERAL RESPONSES</u>

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of,

and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any f the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request for Production to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response.  Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## **GENERAL OBJECTIONS**

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

1.      Responding Party objects to each request to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.      Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action and do not fall within the scope of discoverable evidence as set forth in the Federal Rules of Civil Procedure.

3.      Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.      Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

5.      Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

6.      Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

7.      Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

8.      Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

9.     Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

10.    Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Describe in detail Your computation of each category of damages You seek in the above-captioned action.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party has suffered damages including but not limited to lost licensing fees, lost profits, diminution in value of its copyright, time and expenses incurred pursuing the infringement, and attorneys' fees and costs. Responding Party is entitled to recover damages in the form of, *inter alia*, actual damages and Propounding Party's profits or statutory damages pursuant to 17 U.S.C. § 504(b) and (c) at Responding Party's election, attorneys' fees and costs pursuant to 17 U.S.C. § 505, and interest based on Responding Party's claims. Pursuant to 17 U.S.C. § 504(c) Responding Party reserves the right to seek statutory damages to be awarded in an amount authorized by statute at the discretion of the judge or jury.

Responding Party asserts that it may not be aware of the full extent of damages suffered by Propounding Party's infringing conduct at this time. Additionally, Responding Party cannot predict what additional damages may be suffered in the future. Responding Party reserves the right to supplement this response, with additional information that may be revealed through the discovery

4

process or other subsequent investigation.

**INTERROGATORY NO. 2**

  Describe in detail how You acquired the rights You assert in the photographs taken by Annie Leibovitz that are referenced in the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

  On November 12, 2014, Trunk Archive and Annie Leibovitz entered into a written "Artist Agreement" whereby Leibovitz granted to Trunk Archive during the term of the Artist Agreement the exclusive worldwide right to license, market, and promote for use in all media any photographs provided by Leibovitz or her authorized agent to Trunk Archive. After the works in referenced in the Complaint were created, they were provided to Trunk Archive for exploitation in accordance with the terms of the Artist Agreement.

**INTERROGATORY NO. 3**

  Identify the dates on which Plaintiff acquired exclusive licensing rights for each of the photographs identified in paragraphs 14 through 24 and defined as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects this Interrogatory to

the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

The photographs referred to as Episode VII Photographs in the Complaint were originally published by the publication *Vanity Fair* on May 4, 2015 in a Vanity Fair article titled "The Cast of Star Wars: The Force Awakens in Vanity Fair". After publication, Annie Leibovitz provided the Episode VII Photographs to Trunk Archive under the terms of the Artist Agreement, referenced in Interrogatory No. 2 above, so that Trunk Archive could be the exclusive licensor for any other publications that wished to license them.

The photographs referred to as the Episode VIII Photographs in the Complaint were originally published by the publication *Vanity Fair* on May 24, 2017 in a Vanity Fair article titled "See Annie Leibovitz's Exclusive Cast Portraits of Star Wars: the Last Jedi for Vanity Fair". After publication, Annie Leibovitz provided the Episode VIII Photographs to Trunk Archive under the terms of the Artist Agreement, referenced in Interrogatory No. 2 above, so that Trunk Archive could be the exclusive licensor for any other publications that wished to license them.

The photographs referred to as the Episode IX Photographs in the Complaint were originally published by the publication *Vanity Fair* on May 22, 2019 in a Vanity Fair article titled "Star Wars: The Rise of Skywalker, The Ultimate Preview". After publication, Annie Leibovitz provided the Episode IX Photographs to Trunk Archive under the terms of the Artist Agreement, referenced in Interrogatory No. 2 above, so that Trunk Archive could be the exclusive licensor

for any other publications that wished to license them.

## INTERROGATORY NO. 4

Identify each and every person who has been granted any rights in or to the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy.

## INTERROGATORY NO. 5

Describe in detail the facts upon which You base Your assertion that the alleged infringement was willful.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

Defendant knowingly used the Photographs without a license or permission from the copyright holder or exclusive licensor. Defendant published the Photographs with the Vanity Fair watermark and directly referenced Vanity Fair as the source of the Photographs. Vanity Fair's original publications included photo

credit to Annie Leibovitz. Despite all of this, Defendant used the Photographs without permission or authorization.

## INTERROGATORY NO. 6

Describe in detail the manner in which You communicate with Annie Leibovitz and how often You communicate with Annie Leibovitz

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

Every few months, a representative from Trunk Archive meets with Annie Leibovitz' agent, Karen Mulligan, via zoom to review potential copyright infringement cases. Additionally, litigation approval requests are sent through Ms. Leibovitz' artist liaison at Trunk Archive to AL Studios.

## INTERROGATORY NO. 7

Identify the most recent communication You had with Annie Leibovitz, including the medium, the date, and all parties in communication.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein.  Responding Party objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Trunk Archive last communicated with Annie Leibovitz' agent Karen Mulligan for their regularly scheduled zoom meeting on March 12, 2024.

## INTERROGATORY NO. 8

Describe in detail how You set the licensing fees for each of the photographs

PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein.  Responding Party objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Trunk Archive determines licensing fees on a case-by-case basis, based on several factors that include: type of entity attempting to license the work (start-up, non-profit, small, medium, or large corporation), territory the images will be used in, usage type (print, digital, etc), duration of use, and content (certain photographers have special fees, depending on how time or cost intensive creating the work being sought was to create).

**INTERROGATORY NO. 9**

Identify the lowest licensing fee charged by You for any photograph taken by Annie Leibovitz.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

The lowest licensing fee charged by Trunk Archive is for an editorial license of a 1986 photograph for $600.

**INTERROGATORY NO. 10**

Identify the number of third parties You have asserted claims of copyright infringement against on behalf of Annie Leibovitz whether through litigation or otherwise.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy.

Date: April 7, 2024                                    HIGBEE & ASSOCIATES

                                                       By: *//s/ Taryn R. Murray*
                                                       Taryn R. Murray

PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES

## <u>Certificate of Service</u>

I certify that Plaintiff's Response to Defendants' First Set of Interrogatories was served on the following individuals via email on April 7, 2024:

Anderson J. Duff
ajd@hoganduff.com

*Attorneys for Defendant Consequence Sound LLC., et al*

*<u>/s/ Taryn R. Murray</u>*
Taryn R. Murray

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| GREAT BOWERY INC d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC.; and DOES 1 through 10 inclusive<br><br>Defendant. | Case No. **9:23-cv-80488**<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Great Bowery Inc d/b/a Trunk Archive ("Trunk Archive" or "Plaintiff") hereby submits these responses to Defendant Consequence Sound LLC. for the Second Set of Requests for Production of Documents pursuant to the Local Rules and Fed. R. Civ. P. 26(b).

### <u>GENERAL RESPONSES</u>

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the

documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request for Production to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## <u>GENERAL OBJECTIONS</u>

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1.      Responding Party objects to each request to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information.

To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.      Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action and do not fall within the scope of discoverable evidence as set forth in the Federal Rules of Civil Procedure.

3.      Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.      Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

5.      Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

6.      Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

7.      Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

8.      Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

9.      Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

10.     Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS
## REQUEST FOR PRODUCTION OF DOCUMENTS

**RFP 8:** All licenses granted to any party for each of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

Not every photograph included in the claim has been licensed outside of Conde Nast, however, Responding Party has produced all such documents that do exist through their production.

**RFP 9:** All licenses granted by You to any party for any photograph taken by Annie Leibovitz.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party will use commercially reasonable efforts to produce non-privileged responsive documents, to the extent any such documents exist.

**RFP 10:** All documents showing the current licensing fees for use each of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint .

**RESONSE:**  Responding Party incorporates by reference the General Responses and Objections as set forth herein. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party states that it does not possess any documents responsive to this request as licensing fees are determined on a case by case basis. Plaintiff has produced all licenses for the Star Wars Photographs as part of its response to RFP 8 above.


**RFP 11:** Documents sufficient to show all income You have generated by licensing the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Plaintiff objects that this request is redundant with request #8, which Plaintiff has produced documents for.

.

**RFP 12:** Documents sufficient to Identify all parties that have obtained a license to any of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint from You.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Plaintiff objects that this request is redundant with request #8, which Plaintiff has produced documents for.


**RFP 13:** All licenses granted to any party by You for the editorial use of any photograph taken by Annie Leibovitz.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party will use commercially reasonable efforts to produce non-privileged responsive documents, to the extent any such documents exist.

**RFP 14:** All communications between You, *Vanity Fair*, Conde Nast, and/or Annie Leibovitz concerning any photographs taken by Leibovitz.

11.   **RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects in that communications to third parties unaffiliated with this lawsuit are irrelevant and overbroad. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous. Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information,

proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party will use commercially reasonable efforts to produce non-privileged responsive documents, to the extent any such documents exist.

**RFP 15:** All written agreements concerning any of the photographs identified as the Star Wars Photographs in paragraph 26 of the Complaint.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party will use commercially reasonable efforts to produce non-privileged responsive documents, to the extent any such documents exist.

**RFP 16:** The invoice for the lowest licensing fee charged by You for any photograph taken by Annie Leibovitz.

**RESPONSE:** Plaintiff has produced all such documents through their production.

**RFP 17:** All documents and communications not otherwise produced that support Your claim for copyright infringement made in the Complaint.

**RESPONSE:** Plaintiff has produced all such documents through their production.

**RFP 18:** All documents and communications not otherwise produced that support Your claim for damages made in the Complaint.

**RESPONSE:** Plaintiff has produced all such documents through her production.

**RFP 19:** All communications You have sent or had sent to any party asserting a claim of copyright infringement on behalf of Annie Leibovitz.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Plaintiff objects in that communications to third parties unaffiliated with this lawsuit are irrelevant and overbroad. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy.

**RFP 20:** All settlement agreements between You and any third party concerning any photograph taken by Annie Leibovitz.

**RESPONSE:** Responding Party incorporates by reference the General Responses and Objections as set forth herein. Plaintiff objects in that settlement agreements with third parties unaffiliated with this lawsuit are irrelevant and overbroad. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects this

request to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy.


Date: April 7, 2024                                    HIGBEE & ASSOCIATES

                                                       By: *//s/ Taryn R. Murray*
                                                       Taryn R. Murray

<u>**Certificate of Service**</u>

I certify that Plaintiff's Response to Defendants' Second Requests for Production of Documents was served on the following individuals via email on April 7, 2024:

Anderson J. Duff
ajd@hoganduff.com

*Attorneys for Defendant Consequence Sound LLC., et al*

<u>**/s/ Taryn R. Murray**</u>
Taryn R. Murray

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GRET BOWERY INC d/b/a
TRUNK ARCHIVE,

                              Plaintiff,

   v.

CONSEQUENCE SOUND LLC,
CONSEQUENCE MEDIA
GROUP INC.; and DOES 1
through 10 inclusive

Defendant.

Case No. **9:23-cv-80488**

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS**

## <u>PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION</u>

Plaintiff Great Bowery Inc d/b/a Trunk Archive hereby submits these responses to Defendants Consequence Sound LLC, Consequence Media Group Inc's, et al. for the First Set of Requests for Admission pursuant to the Local Rules and Fed. R. Civ. P. 26(b).

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and,

accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party hereby objects to the requests for admission on the following grounds:

## **GENERAL RESPONSES**

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of the Requests for Admission. Responding Party hereby expressly preserves all rights, remedies and recourse

against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request For Admission to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## **GENERAL OBJECTIONS**

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1.     Responding Party objects to each Request For Admission to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.     Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor

are they proportionate to the needs of the case.

3.      Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.      Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

5.      Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.      Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.      Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.      Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.      Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.     Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.     Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.     Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that the agreement produced by Great Bowery to the defendant in Great Bowery Inc. v. Cascade Digital Media LLC, 6:20-cv-00009-MK (D. Or.) and attached hereto as Exhibit A is genuine, authentic, true, and accurate.

**RESPONSE:**

Admit.

Date: April 7, 2024                                      HIGBEE & ASSOCIATES

                                                                        By: _**//s/ Taryn R. Murray**_
                                                                        Taryn R. Murray

## <u>Certificate of Service</u>

I certify that Plaintiff's Response to Defendants' First Requests for Admission was served on the following individuals via email on April 7, 2024:

Anderson J. Duff
ajd@hoganduff.com

*Attorneys for Defendant Consequence Sound LLC., et al*

*<u>/s/ Taryn R. Murray</u>*
Taryn R. Murray
