UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-RLR

|  |  |
|---|---|
| GREAT BOWERY INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| CONSEQUENCE SOUND LLC, and <br> CONSEQUENCE MEDIA GROUP, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT** ........................................................................................... 1
**PROCEDURAL HISTORY** ................................................................................................. 1
**STATEMENT OF FACTS** ................................................................................................... 2
**ARGUMENT** ........................................................................................................................ 2
    I.    STANDARD OF REVIEW ............................................................................................ 2
    II.   PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS ACTION ........................................ 3
        A.    *The Authorization Letter Expressly States it Does Not Transfer Any Exclusive Right in the Copyright to the Images to Plaintiff* .................................................................................. 6
        B.   *The Artist Agreement Does Not Confer Standing on Plaintiff* ........................................ 7
        C.   *Leibovitz's Agreements with Condé Nast Prevent Plaintiff From Receiving an Exclusive License of § 106 Exclusive Rights in the Images* ................................................. 10
    III.  CONSIDERING SUBSTANTIALLY SIMILAR FACTS, THE DISTRICT OF OREGON HELD THAT PLAINTIFF LACKED STANDING TO BRING A SIMILAR COPYRIGHT INFRINGEMENT LAWSUIT ..... 11
**CONCLUSION** .................................................................................................................. 12

CASES

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.1991) ------------------5
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) --------------------------------------------2
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) -----------------------------------------------------3
*Code Revision Comm'n for Gen. Assembly of Ga. v. Publicresource.org, Inc.*, 906 F.3d 1229, 1235 (11th Cir. 2018) -----------------------------------------------------------------------------------2
*Creative Photographers, Inc. v. Julie Torres Art, LLC*, 1:22-CV-00655-JPB, 2023 WL 2482962, at *6 (N.D. Ga. Mar. 13, 2023) --------------------------------------------------------------- 3, 8, 9
*E.S.Y., Inc. v. Scottsdale Ins. Co.*, 139 F.Supp.3d 1341, 1350 (S.D. Fla. 2015) ---------------------3
*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed.Cir.1996) ------------------5
*Great Bowery, Inc. v. Cascade Digital Media LLC*, No. 6:20-cv-00009-MK, 2021 WL 3716654, at *2 (D. Or. July 15, 2021), *report and recommendation adopted,* No. 6:20-CV-00009-MK, 2022 WL 939871 (D. Or. Mar. 29, 2022) -------------------------------------------------- 7, 12
*Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir.1995) -------5
*John Wiley & Sons, Inc. v. DRK Photo*, 998 F.Supp.2d 262, 280–81 (S.D.N.Y. 2014) -------------5
*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) --------------------------------3
*Lorentz v. Sunshine Health Prods., Inc.*, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) -----6
*Original Appalachian Artworks, Inc. v. Schlaifer Nance & Co.*, 679 F.Supp. 1564 (N.D. Ga. 1987) --------------------------------------------------------------------------------------------- 9, 10
*Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir.1969) ---------------------------------6
*Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F.Supp.3d 1356, 1369 (S.D. Fla. 2015) - 3, 4, 5, 6
*Righthaven LLC v. Democratic Underground, LLC*, 791 F.Supp.2d 968, 976 (D. Nev. 2011) ----5
*Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir.2011) ----------------------- 3, 5
*Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884, 890 (9th Cir.2005) ------------------------5
*Triple Tee Golf, Inc. v. Nike, Inc.*, No. 4:04-CV-302-A, 2007 WL 4260489, at *22 (N.D. Tex. Aug. 10, 2007) -----------------------------------------------------------------------------------------5
*Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C.*, No. 07-60654-CIV, 2008 WL 4938420, at *1 (S.D.Fla. Nov. 18, 2008) ------------------------------------------------------------4
*Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-cv-00668, 2015 WL 585806, at *1 (D. Colo. Feb. 11, 2015) ------------------------------------------------------- 3, 9
*World Thrust Films Inc. v. Int'l Family Entm't Inc.*, No. 93-0681-CIV, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996) --------------------------------------------------------------------------------6

STATUTES

17 U.S.C. § 101 ---------------------------------------------------------------------------------------------------4
17 U.S.C. § 106 ---------------------------------------------------------------------------------------------- 4, 8
17 U.S.C. § 204(a) -----------------------------------------------------------------------------------------------4
17 U.S.C. § 501(b) -----------------------------------------------------------------------------------------------3

## PRELIMINARY STATEMENT

Defendants Consequence Sound LLC and Consequence Media Group (referred to collectively herein as "Defendants" or "Consequence"), by and through their attorneys, Duff Law PLLC, move this Court for an order granting summary judgment against Plaintiff Great Bowery Inc. d/b/a Trunk Archive ("Plaintiff" or "Great Bowery") dismissing Plaintiff's claim with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1.

## PROCEDURAL HISTORY

On March 29, 2023, Plaintiff filed a Complaint asserting a single cause of action against Defendants, namely, copyright infringement. (Pl.'s Compl., ECF No. 1, at ¶¶ 38-43.) Defendants filed their Answer on July 11, 2023 asserting as affirmative defenses that Plaintiff's Complaint failed to state a claim and the alleged copyright infringement was non-actionable fair use. (Defs.' Answer, ECF No. 11, at 5.) On July 27, 2023, the Court issued a detailed scheduling order. (July 27, 2023 Order ("Scheduling Order"), ECF No. 14.) The Scheduling Order required the Parties to join any additional parties and amend any pleading by September 25, 2023, complete fact discovery by April 12, 2024, complete mediation by May 17, 2024, and file all pretrial motions by May 10, 2024. (ECF No. 14, at 4-5.) The Parties completed mediation on May 2, 2024. (Mediator's Report, ECF No. 26, at 1.) On May 6, 2024, Plaintiff filed a motion for leave to file an amended complaint. (Pl.'s Mot. Leave File Am. Compl., ECF No. 27.) The same day and with Defendants' consent, Plaintiff sought a stay of the May 10, 2024 deadline for dispositive motions. (Pl.'s Mot. Stay, ECF No. 28.) Two days later, the Court denied Plaintiff's motion for leave to file an amended complaint and therefore denied Plaintiff's motion for a stay as moot. (May 8, 2024 Order, ECF No. 29; May 8, 2024 Order, ECF No. 30.)

1

**STATEMENT OF FACTS**

Defendants respectfully refer the Court to Defendants' Statement of Material Facts (referred to herein as "SMF"), filed pursuant to Local Rule 56.1, and the declarations and exhibits attached thereto, for a full recitation of the facts relevant to the determination of Defendants' Motion for Summary Judgment. (SMF, ECF No. ___.)

**ARGUMENT**

Plaintiff's assert a claim for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (Pl.'s Compl., ECF No. 1, at ¶¶ 38-43.) Plaintiff alleges that Defendants infringed upon the copyright in three sets of photographs taken by Annie Leibovitz ("Leibovitz") and published by *Vanity Fair* magazine in its June 2015, June 2017, and June 2019 issues (the "Images"). (Pl.'s Compl., ECF No. 1, at ¶¶ 14, 18, 22.) Only the legal or beneficial owner of an exclusive right under a copyright have standing to sue for a violation of that right. The record demonstrates that Plaintiff does not own any exclusive right under § 106 of the Copyright Act for any of the Images, so Plaintiff does not have standing to bring this action and its Complaint should be dismissed in its entirety with prejudice.

**I.        Standard of Review**

"Summary judgment is proper only where there is no genuine issue of material fact." *Code Revision Comm'n for Gen. Assembly of Ga. v. Publicresource.org, Inc.*, 906 F.3d 1229, 1235 (11th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine issue of material fact exists where the dispute is 'over facts that might affect the outcome of the suit under the governing law' and where the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[T]he plain language of Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

2

case, and on which that party will bear the burden of proof at trial." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 139 F.Supp.3d 1341, 1350 (S.D. Fla. 2015) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alterations and internal quotation marks omitted))).

## II.     Plaintiff Does Not Have Standing to Bring this Action

"Under the Copyright Act, only the 'legal or beneficial owner of an exclusive right under a copyright' may 'institute an action for any infringement of that particular right while he or she is the owner of it.'" *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F.Supp.3d 1356, 1369 (S.D. Fla. 2015) (quoting 17 U.S.C. § 501(b)) (citation omitted); *see also Creative Photographers, Inc. v. Julie Torres Art, LLC*, 1:22-CV-00655-JPB, 2023 WL 2482962, at *6 (N.D. Ga. Mar. 13, 2023) (citing *Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-cv-00668, 2015 WL 585806, at *1 (D. Colo. Feb. 11, 2015)). "Accordingly, 'only the legal or beneficial owner of an "exclusive right" has standing to bring a copyright infringement action' under the Copyright Act." *Pro. LED Lighting*, 88 F.Supp.3d at 1369 (quoting *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir. 2011)); *see also Creative Photographers*, 2023 WL 2482962, at *3 (citation omitted). The Copyright Act identifies six "exclusive rights" provided by a copyright, namely, the rights to:

> (1) reproduce the copyrighted work;
>
> (2) prepare derivative works based on the copyrighted work;
>
> (3) distribute copies or phonorecords of the copyrighted work;
>
> (4) perform the copyrighted work publicly;
>
> (5) display the copyrighted work publicly; and
>
> (6) perform the copyrighted work publicly.

17 U.S.C. § 106. Plaintiff must demonstrate that it is the legal or beneficial owner of one of these rights to have standing to bring this action.

Each of the three federal copyright registrations cited in the Complaint identifies Annie Leibovitz as the author and claimant of the copyright in the Images. (SMF ¶¶ 1-3; Compl., ECF No. 1, at ¶¶ 16, 20, 24.) Plaintiff is not mentioned in any of the copyright registrations cited in the Complaint. (SMF ¶ 4.) Throughout the Complaint, Plaintiff refers to the Images as "Leibovitz' photographs" that "Leibovitz registered" with the Copyright Office. (Pl.'s Compl., ECF No. 1, at ¶¶ 15, 16, 19, 20, 23, 24.) The agreements that governed the creation of the Images (the "Condé Agreements") state that "[a]ll rights with regard to the [Images] not expressly granted herein are retained by" AL Studio, LLC ("AL Studio"). (SMF ¶¶ 5-6.) Neither Leibovitz nor AL Studio transferred any "exclusive right" identified in § 106 of the Copyright Act for any of the Images to Plaintiff, so Plaintiff does not have standing to bring this lawsuit.

"A 'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other conveyance . . . of the exclusive rights comprised in a copyright . . . not including a nonexclusive license." 17 U.S.C. § 101. "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." *Pro. LED Lighting*, 88 F.Supp.3d at 1369 (quoting 17 U.S.C. § 204(a)).

"[T]he note or memorandum required by section 204 need not be contemporaneous with the transfer of copyright ownership." *Pro. LED Lighting*, 88 F.Supp.3d at 1369 (quoting *Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C.*, No. 07-60654-CIV, 2008 WL 4938420, at *1 (S.D. Fla. Nov. 18, 2008). "'[S]ection 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer.'" *Id.* (quoting *Imperial*

4

*Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir.1995) (citation omitted)). But while an oral transfer may later be ratified by a writing, "[a] *nunc pro tunc* assignment executed after litigation is commenced 'cannot retroactively solve the standing problem that existed at the time the action was filed.'" *Pro. LED Lighting*, 88 F.Supp.3d at 1370 (quoting *Triple Tee Golf, Inc. v. Nike, Inc.*, No. 4:04-CV-302-A, 2007 WL 4260489, at *22 (N.D. Tex. Aug. 10, 2007)) (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996); *Imperial Residential*, 70 F.3d at 98–9 (affirming dismissal of suit brought on the basis that standing could be conferred by post-litigation memorialization of pre-litigation assignment)); *see also Saregama India*, 635 F.3d at 1286 (affirming grant of summary judgment for defendants because plaintiff lacked statutory standing at time of action).

"[T]he assignment of a right to sue does not alone convey 'exclusive' rights for purposes of standing under the Copyright Act." *Pro. LED Lighting*, 88 F.Supp.3d at 1369 (citing *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884, 890 (9th Cir.2005) ("The right to sue for an accrued claim for infringement is not an exclusive right under [17 U.S.C.] § 106" such that "[t]he bare assignment of an accrued cause of action" does not satisfy the standing requirement of section 501(b))). "[S]ection 501(b) of the Copyright Act does not permit the copyright owner to retain the copyright, but convey the mere right to sue." *Id.* (citing *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.1991) ("[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.")). "Put another way, a mere right to sue is not an exclusive right under a copyright, and is insufficient to bring an infringement action." *Id.* at 1369-70 (citing *Righthaven LLC v. Democratic Underground, LLC*, 791 F.Supp.2d 968, 976 (D. Nev. 2011) (citing *Silvers*, 402 F.3d at 890; *John Wiley & Sons, Inc. v. DRK Photo*, 998 F.Supp.2d 262, 280–81 (S.D.N.Y. 2014) ("Where . . . an agreement transfers

5

nothing more than a bare right to sue, it cannot be the basis for standing under the Copyright Act.") (quotation omitted)).

Furthermore, "the copyright owner or exclusive licensee must have such status at the time of the alleged infringement." *Pro. LED Lighting*, 88 F.Supp.3d at 1370 (quoting *World Thrust Films Inc. v. Int'l Family Entm't Inc.*, No. 93-0681-CIV, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996)) (citing *Lorentz v. Sunshine Health Prods., Inc.*, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) ("If Plaintiff did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action.") (citing *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir.1969))).

Plaintiff has not asserted that it is a beneficial owner of the relevant copyright. For Plaintiff to demonstrate that it has standing to bring the copyright infringement claim asserted in the Complaint, Plaintiff must show that it acquired an exclusive right to one of the six rights identified in § 106 of the Copyright Act through a written conveyance, or a document memorializing that conveyance, that is signed by Leibovitz, AL Studio, or a duly authorized agent. No such signed conveyance exists.

Plaintiff relies upon two documents to argue that it has standing to bring this action: (1) a November 12, 2014 agreement ("Artist Agreement") not signed by Plaintiff or Leibovitz; and a June 12, 2018 letter signed by Leibovitz and addressed "To Whom It May Concern" ("Authorization Letter") (SMF ¶¶ 10-11.) Neither document transfers an "exclusive right" in the copyright for any of the Images to Plaintiff.

### A. The Authorization Letter Expressly States it Does Not Transfer Any Exclusive Right in the Copyright for the Images to Plaintiff

Instead of transferring any exclusive right to Plaintiff, the Authorization Letter expressly states the opposite, namely, that Leibovitz is "the holder of all rights, title and interest in and to

6

the copyrighted works . . . ." (SMF ¶ 11.) The Authorization Letter is signed by Leibovitz and dated June 12, 2018. (SMF ¶ 11.) It does not identify any of the copyrighted works referenced therein. (SMF ¶ 12.)

In a recent case brought by Plaintiff in the District of Oregon involving different photographs created for Condé Nast under the same agreements at issue here, Plaintiff produced the Authorization Letter. (SMF ¶¶ 17-19.) The court held that the Authorization Letter "does not convey a right in any copyrighted works to Plaintiff." *Great Bowery, Inc. v. Cascade Digital Media LLC*, No. 6:20-cv-00009-MK, 2021 WL 3716654, at *2 (D. Or. July 15, 2021), *report and recommendation adopted,* No. 6:20-CV-00009-MK, 2022 WL 939871 (D. Or. Mar. 29, 2022). The District of Oregon further held that the Authorization Letter "does not provide Plaintiff with standing to bring" the action but "establishes, instead, that Plaintiff is not a holder of any exclusive right to any of Leibovitz's copyrighted works." *Id.* at *3.

Because the Authorization Letter undermines Plaintiff's claim to an exclusive right in any of the Images, Plaintiff does not have standing to bring this action.

**B.     The Artist Agreement Does Not Confer Standing on Plaintiff**

The Artist Agreement is not a valid transfer of copyright ownership. It is not signed by Plaintiff or Leibovitz. (SMF ¶ 15.) Plaintiff has not identified the person who did sign the Artist Agreement, and the record does not demonstrate that they signed the Artist Agreement as Leibovitz's duly authorized agent. (SMF ¶ 16.)

Assuming *arguendo* that the Artist Agreement was properly executed, the Artist Agreement still fails to grant an exclusive right to Plaintiff. Despite using the word "exclusive," the terms of the Artist Agreement demonstrate that no exclusive right identified in § 106 of the Copyright Act is conveyed to Plaintiff therein. The relevant portion of the Artist Agreement states:

7

> Subject to the terms and conditions of this Agreement, Artist hereby grants to [Plaintiff] the exclusive worldwide right to license, market, and promote the Licensed Images (as defined below) for all uses in any and all media. Notwithstanding the foregoing, nothing contained herein shall restrict Artist's right to collaborate with or deliver any Licensed Images to 

(SMF ¶ 10.) The language of the grant plainly demonstrates that it is not an exclusive license or an assignment because Leibovitz retains the right to "deliver any Licensed Images" to  as well as the right to ▮▮▮▮▮ (SMF ¶ 10.)

In *Creative Photographers*, the Northern District of Georgia found that an agreement containing the following language did not confer statutory standing on a plaintiff asserting a copyright infringement claim:

> You retain [Plaintiff] as your exclusive agent to sell, syndicate, license, market or otherwise distribute any and all celebrity/portrait photographs and related video portraits, submitted to us by you and accepted by us for exploitation for sale or syndication during the term of this Agreement (the "Accepted Images"). *You must be the sole owner of the copyright for all such photographs* and may not offer any celebrity/portrait photographs for sale or syndication to or through any other agent, representative, agency, person or entity during the Term of this Agreement.

2023 WL 2482962, at *4. The court recognized that because "[t]he italicized language plainly reserves ownership of the copyright in [a non-party to the lawsuit]" the plaintiff could not be the copyright owner, so "the only avenue to standing is for Plaintiff to be an exclusive licensee." *Id.* at *4. The court found that the language recited above made the plaintiff the copyright holder's agent but did not convey to the plaintiff an exclusive license of any of the § 106 rights. *Id.* at *5.

8

In *McGraw-Hill*, the court recognized that an authorized agent lacked standing to bring a copyright infringement lawsuit because the agreements in question did not "restrict[] the photographer[ rightsholders] from licensing the same images on their own behalf or prosecuting all other infringements," which meant that although the agreement appointed the plaintiff as the rightsholders "exclusive agent and representative," the plaintiff had not received an exclusive right but rather a nonexclusive license and therefore did not have standing to bring a copyright infringement claim. 2015 WL 585806, at *6.

In this case, the Artist Agreement not only does not restrict Leibovitz from licensing the Images or prosecuting infringements of the same, it expressly allows Leibovitz to use the Images for any ████████████████████████ (SMF ¶ 10.) Leibovitz need only ████████ ████████████████████████████████████████████████████████████████ ████████████████████████ (SMF ¶ 10.) The Artist Agreement acknowledges that Leibovitz, and third parties she grants rights to, may use the Images in a manner that conflicts with the rights granted to Plaintiff. (SMF ¶ 10.) Any license granted to Plaintiff by the Artist Agreement is therefore necessarily nonexclusive and cannot confer standing on Plaintiff.

If the Artist Agreement did grant an exclusive license to Plaintiff, which it does not, courts within the Eleventh Circuit recognize that agreements based on similar language make parties "an exclusive licensing agent" that lacks standing to sue for copyright infringement because "the exclusive right to authorize *others* to use the copyright at issue . . . is not a § 106 right" and is instead derived solely from the licensing contract. *Creative Photographers*, 2023 WL 2482962, at *4 (citing *Original Appalachian Artworks, Inc. v. Schlaifer Nance & Co.*, 679 F.Supp. 1564 (N.D. Ga. 1987)).

9

In *Original Appalachian Artworks*, the court considered an agreement that granted the plaintiff "the exclusive worldwide rights to license the designs, trademarks, and tradenames of [the rightsholder] in the areas of subsidiary, literary, and audiovisual rights." 679 F.Supp. at 1568. The court found that although the agreement gave the plaintiff "the exclusive right to authorize third parties to prepare and reproduce materials in literary form based on" the rightsholder's designs, the "exclusive worldwide right" to license the rightsholder's designs did not establish standing. *Original Appalachian Artworks*, 679 F.Supp. at 1568.

### C. AL Studio's Agreements with Condé Nast Prevent Plaintiff From Receiving an Exclusive License of Any § 106 Rights in the Images

The Images cited in Plaintiff's Complaint were created under agreements between AL Studio, LLC ("AL Studio") and Condé Nast (the "Condé Agreements"). (SMF ¶¶ 21-26.) Each of the Condé Agreements states that "[a]ll rights with regard to the [Images] not expressly granted herein are retained by" AL Studio. (SMF ¶ 27.) Neither the Artist Agreement nor the Authorization Letter mention AL Studio. (SMF ¶¶ 10, 11.) There is no written transfer in the record of any rights in the Images from AL Studio to Leibovitz or Great Bowery. (SMF ¶ 28.)

Each of the Condé Agreements grants Condé Nast certain exclusive rights in the Images for a period of time as well as nonexclusive rights in each Image for the duration of the copyright. (SMF ¶ 29.) Each of the Condé Agreements states that AL Studio:

> will not allow any of the [Images] that are Published in a Publication, or any Works similar to such [Images], to be used for any commercial, merchandising, or advertising purpose . . . unless [AL Studio] first obtains [Condé Nast's] written consent, which [Condé Nast] may withhold in its sole discretion. This requirement will continue to apply . . . as long as [AL Studio] and [Condé Nast] still have a professional contractual relationship.

(SMF ¶ 30.) The most recent of the Condé Agreements was in effect until April 30, 2024. (SMF ¶ 25.) Because Condé Nast may refuse to allow use of the Images, Great Bowery could not have

10

received an exclusive right to license or use the Images via the Artist Agreement or

Authorization Letter.

Each Condé Agreement further states that AL Studio:

> grants [Condé Nast], for the full term of copyright, the non-exclusive right to Publish, print, re-Publish, and reprint the [Images] (including in anthologies as permitted below), the unrestricted right to use any cover containing any [Image](s) as a cover (i.e., in the original cover layout) for any purpose at any time, the right to make and authorize the making of reprints or stand-alone copies of the article feature including any [Image](s) for any purpose, the right to authorize the use of any [Image](s) in the original layout shown in the applicable Publication as set dressing or props in movies, television shows, and other productions, and in addition, the right to use any [Image](s) . . . in Publishing, promoting, advertising and publicizing the Publication(s) in which the [Image](s) appear.

(SMF ¶ 31.) Because AL Studio granted Condé Nast the nonexclusive right to publish and print each of the Images as well as the "unrestricted right" to use each of the Images as they appeared in Condé Nast's publications "for any purpose at any time" for the "full term of the copyright," Plaintiff could not have received an exclusive license to the Images. Any license granted to Plaintiff would necessarily be nonexclusive because it would coexist with Condé Nast's rights. Because a holder of a nonexclusive license does not have standing to bring an action for copyright infringement, Plaintiff does not have standing.

### III. Considering Substantially Similar Facts, the District of Oregon Held that Plaintiff Lacked Standing to Bring a Copyright Infringement Lawsuit

On January 2, 2020, Plaintiff filed a complaint asserting a claim for copyright infringement against a defendant in the District of Oregon (the "Oregon Action"). (SMF ¶ 17.) The complaint in that case alleged that the defendant infringed upon the copyright in two photographs taken by Leibovitz for the June 2015 issue of *Vanity Fair* magazine. (SMF ¶ 18.) In the Oregon Action, Plaintiff produced three documents concerning the rights in two photographs

created by Leibovitz for Condé Nast: (1) the same Artist Agreement produced to Defendants in this case; (2) the same Authorization Letter produced to Defendants in this case; and (3) the Condé Agreement that governed Leibovitz's creation of photographs for the June 2015 issue of *Vanity Fair* magazine. (SMF ¶ 19.)

The court held that the Authorization Letter "does not convey a right in any copyrighted works to Plaintiff" and "establishes, instead, that Plaintiff is not a holder of any exclusive right to any of Leibovitz's copyrighted works." *Id.* at *3. *Great Bowery, Inc. v. Cascade Digital Media LLC*, No. 6:20-cv-00009-MK, 2021 WL 3716654, at *2-3 (D. Or. July 15, 2021), *report and recommendation adopted,* No. 6:20-CV-00009-MK, 2022 WL 939871 (D. Or. Mar. 29, 2022).

Considering the Artist Agreement, the District of Oregon held that, because the Artist Agreement governed "those images provided to [Plaintiff] by Artist or Artist's authorized agent" and Plaintiff did not submit any evidence showing that Leibovitz had provided the relevant images to Plaintiff, the Artist Agreement did not provide Plaintiff with standing to bring a nearly identical lawsuit. *Id.* at *2. In the present case, Plaintiff did not produce any written communications showing that Leibovitz provided the Images to Plaintiff. (SMF ¶ 32.)

## CONCLUSION

The Copyright Act does not permit copyright holders to select third parties to bring lawsuits on their behalf. A plaintiff asserting a claim for copyright infringement must own an exclusive right protected by the Copyright Act that the defendant has infringed upon. In this case, any rights owned by Plaintiff are nonexclusive in view of the rights granted or reserved by at least Condé Nast, AL Studio, and Leibovitz. Plaintiff has known since at least July 15, 2021 that standing would be an issue in a copyright infringement lawsuit based on rights purportedly granted by the Authorization Letter, Artist Agreement, and the Condé Agreements and chose to

file this lawsuit without any new grant of rights. Plaintiff's Complaint should be dismissed with prejudice.

Date:  New York, New York　　　　　　　　　　　Respectfully submitted,
　　　　May 10, 2024

　　　　　　　　　　　　　　　　　　　By:　　/C. Cory Mauro/
　　　　　　　　　　　　　　　　　　　　　　C. Cory Mauro
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 384739
　　　　　　　　　　　　　　　　　　　　　　MAURO LAW P.A.
　　　　　　　　　　　　　　　　　　　　　　1001 Yamato Road, Suite 401
　　　　　　　　　　　　　　　　　　　　　　Boca Raton, Florida 33431
　　　　　　　　　　　　　　　　　　　　　　(t) 561.202.1992
　　　　　　　　　　　　　　　　　　　　　　(e) cory@maurolawfirm.com
　　　　　　　　　　　　　　　　　　　　　　(e) service@maurolawfirm.com

　　　　　　　　　　　　　　　　　　　　　　Anderson J. Duff (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　DUFF LAW PLLC
　　　　　　　　　　　　　　　　　　　　　　353 Ocean Ave. Ste. 4E
　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11226
　　　　　　　　　　　　　　　　　　　　　　(t) 646.450.3607
　　　　　　　　　　　　　　　　　　　　　　(e) ajd@hoganduff.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　　　*Consequence Sound LLC and*
　　　　　　　　　　　　　　　　　　　　　　*Consequence Media Group*

13