UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-RLR

| | |
|---|---|
| GREAT BOWERY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSEQUENCE SOUND LLC, and | ) |
| CONSEQUENCE MEDIA GROUP, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' COUNTERSTATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendants Consequence Sound LLC and Consequence Media Group (collectively referred to herein as "Defendants"), submit the following counterstatement of material facts in dispute.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

1

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Undisputed.

31. Undisputed.

32. Undisputed.

33. Disputed. Leibovitz did not grant an exclusive license of any copyright rights to Plaintiff in accordance with the Artist Agreement, which only grants Plaintiff a right "to license" Leibovitz's photographs to third parties. (Duff Decl., ECF No. 33-2, at ¶ 13, Ex. K, at 2.) Neither did Leibovitz grant Plaintiff the exclusive right to license her photographs. Each of the Condé Agreements grants Condé Nast certain exclusive rights in the Images for a period of time as well as nonexclusive rights in each Image for the duration of the copyright. (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 2, 6-12, Ex. F, at 2, 5-11, Ex. G, at 2, 5-11, Ex. H, at 2, 5-11.) Each of the Condé Agreements states that AL Studio "will not allow any of the [Images] that are Published in a Publication, or any Works similar to such [Images], to be used for any commercial, merchandising, or advertising purpose . . . unless [AL Studio] first obtains [Condé Nast's] written consent, which [Condé Nast] may withhold in its sole discretion. This requirement will continue to apply . . . as long as [AL Studio] and [Condé Nast] still have a professional contractual relationship." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 13, Ex. F, at 12, 13, Ex. G, at 13, Ex. H, at 12, 13.) Each Condé Agreement states that AL Studio "grants [Condé Nast], for the full term of copyright, the non-exclusive right to Publish, print, re-Publish, and reprint the [Images] (including in anthologies as permitted below), the unrestricted right to use any cover containing any [Image](s) as a cover (i.e., in the original cover layout) for any purpose at any time, the right to make and authorize the making of reprints or stand-alone copies of the article feature including any [Image](s) for any purpose, the right to authorize the use of any [Image](s) in the original layout shown in the applicable Publication as set dressing or props in movies, television shows, and other productions, and in addition, the right to use any [Image](s) . . . in Publishing, promoting, advertising and publicizing the Publication(s) in which the

[Image](s) appear." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 10, Ex. F, at 10, Ex. G, at 10, Ex. H, at 9, 10.)

      34.      Undisputed.

      35.      Disputed. Leibovitz did not grant an exclusive license of any copyright rights to Plaintiff in accordance with the Artist Agreement, which only grants Plaintiff a right "to license" Leibovitz's photographs to third parties. (Duff Decl., ECF No. 33-2, at ¶ 13, Ex. K, at 2.) Neither did Leibovitz grant Plaintiff the exclusive right to license her photographs. Each of the Condé Agreements grants Condé Nast certain exclusive rights in the Images for a period of time as well as nonexclusive rights in each Image for the duration of the copyright. (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 2, 6-12, Ex. F, at 2, 5-11, Ex. G, at 2, 5-11, Ex. H, at 2, 5-11.) Each of the Condé Agreements states that AL Studio "will not allow any of the [Images] that are Published in a Publication, or any Works similar to such [Images], to be used for any commercial, merchandising, or advertising purpose . . . unless [AL Studio] first obtains [Condé Nast's] written consent, which [Condé Nast] may withhold in its sole discretion. This requirement will continue to apply . . . as long as [AL Studio] and [Condé Nast] still have a professional contractual relationship." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 13, Ex. F, at 12, 13, Ex. G, at 13, Ex. H, at 12, 13.) Each Condé Agreement states that AL Studio "grants [Condé Nast], for the full term of copyright, the non-exclusive right to Publish, print, re-Publish, and reprint the [Images] (including in anthologies as permitted below), the unrestricted right to use any cover containing any [Image](s) as a cover (i.e., in the original cover layout) for any purpose at any time, the right to make and authorize the making of reprints or stand-alone copies of the article feature including any [Image](s) for any purpose, the right to authorize the use of any [Image](s) in the original layout shown in the applicable Publication as set dressing or props in

movies, television shows, and other productions, and in addition, the right to use any [Image](s) . . . in Publishing, promoting, advertising and publicizing the Publication(s) in which the [Image](s) appear." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 10, Ex. F, at 10, Ex. G, at 10, Ex. H, at 9, 10.)

36. Undisputed.

37. Disputed. Leibovitz did not grant an exclusive license of any copyright rights to Plaintiff in accordance with the Artist Agreement, which only grants Plaintiff a right "to license" Leibovitz's photographs to third parties. (Duff Decl., ECF No. 33-2, at ¶ 13, Ex. K, at 2.) Neither did Leibovitz grant Plaintiff the exclusive right to license her photographs. Each of the Condé Agreements grants Condé Nast certain exclusive rights in the Images for a period of time as well as nonexclusive rights in each Image for the duration of the copyright. (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 2, 6-12, Ex. F, at 2, 5-11, Ex. G, at 2, 5-11, Ex. H, at 2, 5-11.) Each of the Condé Agreements states that AL Studio "will not allow any of the [Images] that are Published in a Publication, or any Works similar to such [Images], to be used for any commercial, merchandising, or advertising purpose . . . unless [AL Studio] first obtains [Condé Nast's] written consent, which [Condé Nast] may withhold in its sole discretion. This requirement will continue to apply . . . as long as [AL Studio] and [Condé Nast] still have a professional contractual relationship." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 13, Ex. F, at 12, 13, Ex. G, at 13, Ex. H, at 12, 13.) Each Condé Agreement states that AL Studio "grants [Condé Nast], for the full term of copyright, the non-exclusive right to Publish, print, re-Publish, and reprint the [Images] (including in anthologies as permitted below), the unrestricted right to use any cover containing any [Image](s) as a cover (i.e., in the original cover layout) for any purpose at any time, the right to make and authorize the making of reprints or stand-alone copies of the

article feature including any [Image](s) for any purpose, the right to authorize the use of any [Image](s) in the original layout shown in the applicable Publication as set dressing or props in movies, television shows, and other productions, and in addition, the right to use any [Image](s) . . . in Publishing, promoting, advertising and publicizing the Publication(s) in which the [Image](s) appear." (Duff Decl., ECF No. 33-2, at ¶¶ 7-10, Ex. E, at 10, Ex. F, at 10, Ex. G, at 10, Ex. H, at 9, 10.)

38. Undisputed.

39. Undisputed.

40. Disputed. Only Consequence Sound owns, manages, and operates the website. (Pl.'s Index Exs., ECF No. 31-5, Ex. 39 at 182.)

41. Undisputed.

42. Undisputed.

43. Undisputed.

44. Undisputed.

45. Undisputed.

46. Undisputed.

47. Undisputed.

48. Undisputed.

49. Undisputed.

50. Undisputed.

51. Undisputed.

52. Undisputed.

53. Undisputed.

54. Disputed. Plaintiff asserts that the Images were published on "Defendant's Website." Consequence Media, against which Plaintiff does not seek summary judgment, does not own or operate the website. Only Consequence Sound owns, manages, and operates the website. (Pl.'s Index Exs., ECF No. 31-5, Ex. 39 at 182.)

55. Disputed. Plaintiff asserts that the Images were published on "Defendant's Website." Consequence Media, against which Plaintiff does not seek summary judgment, does not own or operate the website. Only Consequence Sound owns, manages, and operates the website. (Pl.'s Index Exs., ECF No. 31-5, Ex. 39 at 182.)

56. Undisputed.

57. Undisputed.

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed.

62. Disputed. Financial return is "a" purpose for Consequence Sound's ownership of the website. (Pl.'s Index Exs., ECF 31-5 Ex. 39, at ¶ 17.)

63. Undisputed.

Date:   New York, New York                          Respectfully submitted,
        May 24, 2024


                                             By:    /C. Cory Mauro/
                                                    C. Cory Mauro
                                                    Florida Bar No. 384739
                                                    MAURO LAW P.A.
                                                    1001 Yamato Road, Suite 401
                                                    Boca Raton, Florida 33431
                                                    (t) 561.202.1992
                                                    (e) cory@maurolawfirm.com
                                                    (e) service@maurolawfirm.com

Anderson J. Duff (*pro hac vice*)
DUFF LAW PLLC
353 Ocean Ave. Ste. 4E
Brooklyn, New York 11226
(t) 646.450.3607
(e) ajd@hoganduff.com

*Attorneys for Defendants*
*Consequence Sound LLC and*
*Consequence Media Group*