Melissa Higbee, SBN 62465
Taryn R. Murray, *Pro Hac Vice*
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mh@higbee.law
tmurray@higbee.law
*Attorneys for Plaintiff Trunk Archive*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREAT BOWERY INC d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **9:23-cv-80488**<br><br><br>**PLAINITFF'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## STATEMENT OF MATERIAL FACTS IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1(b), Plaintiff Great Bowery Inc d/b/a Trunk Archive ("Plaintiff" or "Trunk Archive"), submit the following statement of material facts in opposition to Defendants' motion for summary judgment. Plaintiff asserts that there is a genuine issue with respect to several "facts" presented by Defendant and thus, Defendant's motion for summary judgment should be denied. Plaintiff, in accordance with LR 56.1(D), also asserts additional facts that are material to the motion.

1

**A. Plaintiff's Response to Defendant's Statement of Material Facts**

**Copyright Registrations**

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Disputed. Plaintiff Trunk Archive is listed in VA 2-192-380 under "Rights and Permissions". (*See* Duff Decl. ¶5, Exhibit C)

5. Undisputed.

6. Disputed. Each of the Conde Agreements is entered in to by "AL Studio, LLC ("Contributor") f/s/o Annie Leibovitz ("Artist") and includes a "Guaranty Rider" signed by Annie Leibovitz indicating her undertaking of all obligations of the Conde Agreements. (Duff Decl. ¶7-10, Ex. E at 1, 16. Ex. F at 1, 16, Ex. G at 1, 16, Ex H, at 1, 16.) Each of the Conde Agreements states that "[a]ll rights with regard to the [Images] not expressly granted herein are retained by *Contributor*" (emphasis added). (Duff Decl. ¶¶ 7-10, Ex. E, at 12, Ex. F, at 11, Ex. G, at 11, Ex. H, at 11.)

**Defendants' Purported Copyright Transfer Documents**

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Disputed. The Artist Agreement is signed by Annie Leibovitz' duly authorized agent and manager, Karen Mulligan, with Annie Leibovitz' consent. (Leibovitz Decl. ¶40, ECF #31-1). Karen Mulligan is also identified as a signatory and agent for Leibovitz in all but one of the Conde Agreements. (Duff Decl. ¶¶ 7-10, Ex. E, at 20, 23, 26, Ex. F, at 15, 17, 19, Ex. H, at 15,17.)

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Disputed. The Artist Agreement is signed by Annie Leibovitz' duly authorized

agent and manager, Karen Mulligan, with Annie Leibovitz' consent. (Leibovitz Decl. ¶40, ECF #31-1). Karen Mulligan is also identified as a signatory and agent for Leibovitz in all but one of the Conde Agreements. (Duff Decl. ¶¶ 7-10, Ex. E, at 20, 23, 26, Ex. F, at 15, 17, 19, Ex. H, at 15,17.)

16. Disputed. The Artist Agreement is signed by Annie Leibovitz' duly authorized agent and manager, Karen Mulligan, with Annie Leibovitz' consent. (Leibovitz Decl. ¶40, ECF #31-1). Karen Mulligan is also identified as a signatory and agent for Leibovitz in all but one of the Conde Agreements. (Duff Decl. ¶¶ 7-10, Ex. E, at 20, 23, 26, Ex. F, at 15, 17, 19, Ex. H, at 15,17.)

**Plaintiff's Case in the District of Oregon**

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

**The Conde Agreements**

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed

25. Undisputed.

26. Undisputed.

27. Disputed. Each of the Conde Agreements is entered into by "AL Studio, LLC ("Contributor") f/s/o Annie Leibovitz ("Artist") and includes a "Guaranty Rider" signed by Annie Leibovitz indicating her undertaking of all obligations of the Conde Agreements. (Duff Decl. ¶7-10, Ex. E at 1, 16. Ex. F at 1, 16, Ex. G at 1, 16, Ex H, at 1, 16.) Each of the Conde Agreements states that "[a]ll rights with regard to the [Images] not expressly granted herein are retained by *Contributor*" (emphasis added). (Duff Decl. ¶¶ 7-10, Ex. E, at 12, Ex. F, at 11, Ex. G, at 11, Ex. H, at 11.)

28. Disputed. AL Studio was never the copyright holder to any of the Images. (*See* Supplemental Declaration of Annie Leibovitz at ¶6-7. ("Suppl. Leibovitz Decl."), submitted concurrently). Each of the copyright registrations for the Images list Leibovitz as the copyright holder. (Duff Decl. ¶3-5, Ex. A, B, C.) In the Artist Agreement between Trunk Archive and Leibovitz, Leibovitz granted to Trunk Archive "the exclusive worldwide right to license, market, and promote the Licensed Images (as defined below) for all uses in any and all media". (ECF #31-1, Leibovitz Decl. at ¶38-39, Exhibit 29 ¶1).

29. Disputed. Under each of the Conde Agreements, the only "exclusive right" Conde Nast is granted is the "exclusive first worldwide right to publish, distribute, display...or otherwise use in any manner or media in connection with the content, dissemination, or promotion of any Publication". (Duff Decl. ¶¶ 7-10, Ex. E, at 2, 6-12, Ex. F, at 2, 5-11, Ex. G, at 2, 5-11, Ex. H, at 2, 5-11.)

30. Undisputed.

31. Undisputed.

32. Disputed. Annie Leibovitz has provided direct written testimony indicating that she provided the Images to Plaintiff under the terms of the Artist Agreement. (ECF #31-1, Leibovitz Decl. at ¶44, ¶45, ¶52; Suppl. Leibovitz Decl. at ¶20).

**B. Plaintiff's Additional Undisputed Material Facts in Opposition to Defendants' Motion for Summary Judgment.**

33.  Each of the Conde Agreements defines "Publication" as "*Vogue* magazine and *Vanity Fair* magazine and/or for any other publication owned, published, or licensed by or affiliated with Company, whether existing or future, and whether the format of delivery is print, website, app (mobile, tablet, desktop, or otherwise), television, or other media not herein described" (Duff Decl. ¶ 7-10, Ex. E, at 2, Ex F, at 2, Ex. G at 2, Ex. H at 2.)

34. The "Commercial/Advertising Use" clause was not included under any of the sections of the Conde Agreements that related to Conde's licensing rights: Exclusive Rights", "Nonexclusive Rights" and "Miscellaneous Rights; Exclusions; Exercise" (Duff Decl. ¶¶ 7-10, Ex. E, at 12, Ex. F, at 11, Ex. G, at 12, Ex. H, 11.)

35. The Conde Agreements explicitly did not grant Conde Nast any commercial,

merchandising, or advertising rights in the Images" Notwithstanding the foregoing, the rights granted in this agreement to Company do not include the right to use any Work, or Artist's name or likeness (or other personal indicia), for any the following purposes: (i) the advertising or promotion of any third-party product, service or brand; (ii) merchandising; (iii) third-party syndication and/or licensing other than as expressly permitted herein or as otherwise agreed; (iv) any anthology, book, collection, portfolio, exhibition or similar publication or project in which photographs by A1tist comprise fo1ty percent (40%) or more of the photographs (and/or artworks) included therein; or (v) any usage or exploitation unrelated to any of the Publications and/or Company (i.e., the CONDE NAST brand)." (Duff Decl. ¶¶ 7-10, Ex. E, at 9, Ex. F, at 9, Ex. G, at 9-10, Ex. H, at 9.)

36. Annie Leibovitz owns the business entity AL Studio LLC ("AL Studio"). (Suppl. Leibovitz Decl. ¶3).

37. AL Studio negotiates, organizes, and manages Annie Leibovitz' business contracts on her behalf as an individual. (Suppl. Leibovitz Decl. ¶4).

38. Annie Leibovitz retains the copyrights in all photographs she creates under AL Studio as an individual. (Suppl. Leibovitz Decl. ¶5).

39. AL Studio never held the copyrights to any of the Images. (Suppl. Leibovitz Decl. ¶5, Duff Decl. ¶3-5, Ex. A, B, C.).

40. AL Studio assists with registering Annie Leibovitz' copyrights. (Suppl. Leibovitz Decl. ¶8).

41. An archivist at AL Studio submitted the Episode VII Registration, the Episode VIII Registration, and the Episode IX Registration to the U.S. Copyright Office on behalf of Annie Leibovitz. (Suppl. Leibovitz Decl. ¶9-¶19, Duff Decl. ¶3-5, Ex. A, B, C).

42. The Episode IX Registration lists Trunk Archive under "Rights and Permissions". (Suppl. Leibovitz Decl. ¶19, Duff Decl. ¶5, Ex. C.)

43. The Oregon Action involved two Annie Leibovitz photographs that are not subject to the current action. (Supplemental Declaration of Taryn R. Murray ¶4, ("Suppl. Murray Decl.") Duff Decl. ¶ 16, Ex. M, at 6-7; Compl. at 5-7, *Great Bowery Inc. v. Cascade Digital Media LLC*, No. 6:20-cv- 00009-MK (D. Or. Jan. 2, 2020), ECF No. 1.).

44. Following a judgment entered against Plaintiff Trunk Archive, Trunk Archive moved for an appeal to the 9th Circuit Court of Appeals. (Suppl. Murray Decl. ¶5, *See Great Bowery, Inc. v. Cascade Digit. Media, LLC*, 2022 U.S. App. LEXIS 22039.).

45. During the pendency of appeal, the Parties in the Oregon Action reached a confidential settlement agreement and the Court's Findings and Recommendation, the Order Adopting the Finding and Recommendations, and the Judgment, were vacated in their entirety. (Suppl. Murray Decl. ¶6-8, Exhibit A, *Great Bowery, Inc. v. Cascade Digit. Media LLC*, No. 6:20-cv-00009-MK, 2021 U.S. Dist. LEXIS 159802 (D. Or. July 15, 2021) ECF No. 46.).

DATED: May 24, 2024                         Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
*Admitted Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*