UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-RLR

GREAT BOWERY INC.,

        Plaintiff,

v.

CONSEQUENCE SOUND LLC, and
CONSEQUENCE MEDIA GROUP,

        Defendants.

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**ARGUMENT** ....................................................................................................................................... 1
    I.    THE ARTIST AGREEMENT DOES NOT GRANT PLAINTIFF A § 106 COPYRIGHT RIGHT ......................... 1
    II.    LEIBOVITZ'S DECLARATION DOES NOT CURE THE DEFECT IN THE ARTISTS AGREEMENT .................................. 5
**CONCLUSION** ................................................................................................................................ 6

CASES

*Creative Photographers, Inc. v. Julie Torres Art, LLC*, 1:22-CV-00655-JPB, 2023 WL 2482962, at *6 (N.D. Ga. Mar. 13, 2023) .................................................................................................................. 1, 3, 4
*Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir. 1982) ............................ 5
*Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 770 F.3d 96, 99 (11th Cir. 1995) .......... 5, 6
*Lorentz v. Sunshine Health Prods., Inc.*, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) .............. 2
*Minden Pictures, Inc. v. John Wiley && Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) ............................. 4, 5
*Original Appalachian Artworks, Inc. v. Schlaifer Nance & Co.*, 679 F.Supp. 1564 (N.D. Ga. 1987) ....... 3
*Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir.1969) .................................................. 2
*Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F.Supp.3d 1356, 1369 (S.D. Fla. 2015) ................. 1, 2
*Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir.2011) .......................................... 1
*Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-cv-00668, 2015 WL 585806, at *1 (D. Colo. Feb. 11, 2015) ................................................................................................ 1, 2
*World Thrust Films Inc. v. Int'l Family Entm't Inc.*, No. 93-0681-CIV, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996) ...................................................................................................................... 2

STATUTES

§ 204(a) ........................................................................................................................................ 5, 6
17 U.S.C. § 106 ......................................................................................................................... 2, 4, 5
17 U.S.C. § 501(b) ............................................................................................................................ 1

# ARGUMENT

Plaintiff's memorandum opposing Defendants' motion for summary judgment misstates the law concerning standing under the Copyright Act. Plaintiff incorrectly argues that: (1) the language of the Artist Agreement grants Plaintiff a § 106 copyright right; and (2) Annie Leibovitz's declaration, submitted with Plaintiff's motion for summary judgment, cures any defect in the Artist Agreement. (Pl.'s Mem. Opp'n Defs.' Mot. Summ. J., ECF No. 41, at 8-12.)

## I.  The Artist Agreement Does Not Grant Plaintiff a § 106 Copyright Right

"Under the Copyright Act, only the 'legal or beneficial owner of an exclusive right under a copyright' may 'institute an action for any infringement of that particular right while he or she is the owner of it.'" *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F.Supp.3d 1356, 1369 (S.D. Fla. 2015) (quoting 17 U.S.C. § 501(b)) (citation omitted); *see also Creative Photographers, Inc. v. Julie Torres Art, LLC*, 1:22-CV-00655-JPB, 2023 WL 2482962, at *6 (N.D. Ga. Mar. 13, 2023) (citing *Viesti Assocs., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-cv-00668, 2015 WL 585806, at *1 (D. Colo. Feb. 11, 2015)). "Accordingly, 'only the legal or beneficial owner of an "exclusive right" has standing to bring a copyright infringement action' under the Copyright Act." *Pro. LED Lighting*, 88 F.Supp.3d at 1369 (quoting *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir. 2011)); *see also Creative Photographers*, 2023 WL 2482962, at *3 (citation omitted). The Copyright Act identifies six "exclusive rights" provided by a copyright, namely, the rights to:

 (1) reproduce the copyrighted work;

 (2) prepare derivative works based on the copyrighted work;

 (3) distribute copies or phonorecords of the copyrighted work;

 (4) perform the copyrighted work publicly;

 (5) display the copyrighted work publicly; and

1

      (6) perform the copyrighted work publicly.

17 U.S.C. § 106. Plaintiff must demonstrate that it is the legal or beneficial owner of one of these rights to have standing to bring this action. Plaintiff argues that the Artist Agreement's grant of "the exclusive worldwide right to license, market, and promote the Licensed Images . . . for all uses in any and all media" is a grant of a § 106 copyright right. It is not.

      Furthermore, "the copyright owner or exclusive licensee must have such status at the time of the alleged infringement." *Pro. LED Lighting*, 88 F.Supp.3d at 1370 (quoting *World Thrust Films Inc. v. Int'l Family Entm't Inc.*, No. 93-0681-CIV, 1996 WL 605957, at *4 (S.D. Fla. Aug. 1, 1996)) (citing *Lorentz v. Sunshine Health Prods., Inc.*, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) ("If Plaintiff did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action.") (citing *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir.1969))).

      Plaintiff relies upon a November 12, 2014 agreement (the "Artist Agreement") to argue that it has standing. (SMF ¶ 10; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 31, at 6-9; CMF ¶¶ 33, 35, 37.) The Artist Agreement does not transfer an "exclusive right" in the copyright for any of the Images to Plaintiff.

      In *McGraw-Hill*, the court recognized that an authorized agent lacked standing to bring a copyright infringement lawsuit because the agreements in question did not "restrict[] the photographer[ rightsholders] from licensing the same images on their own behalf or prosecuting all other infringements," which meant that although the agreement appointed the plaintiff as the rightsholders "exclusive agent and representative," the plaintiff had not received an exclusive right but rather a nonexclusive license and therefore did not have standing to bring a copyright infringement claim. 2015 WL 585806, at *6.

If the Artist Agreement did grant an exclusive license to Plaintiff, which it does not, courts within the Eleventh Circuit recognize that agreements based on similar language make parties like Plaintiff "an exclusive licensing agent" that lacks standing to sue for copyright infringement because "the exclusive right to authorize *others* to use the copyright at issue . . . is not a § 106 right" and is instead derived solely from the licensing contract. *Creative Photographers*, 2023 WL 2482962, at *4 (citing *Original Appalachian Artworks, Inc. v. Schlaifer Nance & Co.*, 679 F.Supp. 1564 (N.D. Ga. 1987)).

In *Original Appalachian Artworks*, the court considered an agreement that granted the plaintiff "the exclusive worldwide rights to license the designs, trademarks, and tradenames of [the rightsholder] in the areas of subsidiary, literary, and audiovisual rights." 679 F.Supp. at 1568. The court found that although the agreement gave the plaintiff "the exclusive right to authorize third parties to prepare and reproduce materials in literary form based on" the rightsholder's designs, the "exclusive worldwide right" to license the rightsholder's designs did not establish standing. *Original Appalachian Artworks*, 679 F.Supp. at 1568.

In *Creative Photographers*, the Northern District of Georgia found that an agreement containing the following language did not confer statutory standing on a plaintiff asserting a copyright infringement claim:

> You retain [Plaintiff] as your exclusive agent to sell, syndicate, license, market or otherwise distribute any and all celebrity/portrait photographs and related video portraits, submitted to us by you and accepted by us for exploitation for sale or syndication during the term of this Agreement (the "Accepted Images"). *You must be the sole owner of the copyright for all such photographs* and may not offer any celebrity/portrait photographs for sale or syndication to or through any other agent, representative, agency, person or entity during the Term of this Agreement.

2023 WL 2482962, at *4 (emphasis in original). The court found that the language recited above made the plaintiff the copyright holder's agent but did not convey to the plaintiff an exclusive

3

license of any of the § 106 rights. *Id.* at *5. If a grant stating making the plaintiff in *Creative Photographers* the rights holders "exclusive agent to sell, syndicate, license, market or otherwise distribute any and all" of the works at issue did not confer standing on that plaintiff, Plaintiff in this case does not have standing.

Plaintiff argues that it has standing because the Artist Agreement "granted [Plaintiff] 'the exclusive worldwide right to license, market, and promote the [Images] . . . for all uses in any and all media." (Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 31, at 14.) Plaintiff's sole argument that it has standing is based on its asserted "exclusive right to license [the Images] to third parties [confers] standing to pursue any infringements of the [Images]." (Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 31, at 14.)

Plaintiff's reliance on *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) is misplaced. In *Minden*, the plaintiff relied on a licensing agreement that granted it "the unrestricted, exclusive right to *distribute*, License, *and/or exploit* the Images . . . without seeking special permission to do so." 795 F.3d at 1000 (emphasis added). The licensing agreement in *Minden* "define[d] 'Licensing' as 'the marketing, grant, lease, sale, use, or other exploitation of *reproduction rights* to an Image.'" *Id.* (emphasis added). The right to distribute and the right to reproduce are both rights identified in § 106 of the Copyright Act.

In the present case, the Artist Agreement does not grant Plaintiff an exclusive right to any of the copyright rights identified in § 106 of the Copyright Act. Instead, it merely conveys the right "to license" the Images.

In *Minden*, the Ninth Circuit also faced a practical issue not faced in this case because the plaintiff in *Minden* brought an action representing many photographers. *Id.* at 1005. Explaining its decision, the Ninth Circuit stated that because the plaintiff in that action represented many

4

photographers, a finding that the plaintiff did not have standing would force the photographers to bring suit individually, which would present a "significant practical disadvantage in seeking to protect a copyrighted work." *Id.* No such disadvantaged is faced by the Plaintiff in this case.

**II.      Leibovitz's Declaration Does Not Cure the Defect in the Artists Agreement**

Plaintiff also argues that Defendants should not be permitted to invoke § 204(a) of the Copyright Act to avoid suit for copyright infringement. (Pl.'s Mem. Opp'n. Defs.' Mot. Summ. J., ECF No. 41, at 9.) In support of this argument, Plaintiff cites to two cases. *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 770 F.3d 96, 99 (11th Cir. 1995) (citing *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir. 1982)). Plaintiff's reliance on these cases is also misplaced.

In *Eden Toys*, the Second Circuit considered a plaintiff that asserted rights it received under a license granted pursuant to pre-1978 copyright law, which allowed an exclusive license to be granted orally or by conduct. 697 F.2d 27, 36. The plaintiff in *Eden Toys* argued that it received an exclusive license of a § 106 copyright right pursuant to an informal understanding of a 1975 agreement and that the informal understanding was formalized in a 1980 written amendment to the 1975 agreement. *Id.* Under those circumstances, the Second Circuit recognized that a license need not be in writing at the time it is initiated and § 204(a)'s requirement that an exclusive license be in writing could be satisfied by the copyright owner's later execution of a writing that confirms the grant. 697 F.2d 27, 36.

In the present case, Plaintiff asserts rights in works covered by post-1978 copyright law and does not assert that it received a grant of § 106 copyright rights in the Images prior to bringing this lawsuit that was later ratified by written agreement. Plaintiff asserts only that the Artist Agreement's grant of the right "to license" the Images confers standing upon Plaintiff. As such, Plaintiff does not have standing to bring this lawsuit.

5

In *Imperial Residential Design*, the Eleventh Circuit considered a similar case "where both the original owner and the transferee have joined as plaintiffs in the same lawsuit." 70 F.3d 96, 99 (11th Cir. 1995). Plaintiff brings the present lawsuit by itself and does not claim to have received an exclusive license via an oral grant later ratified by a written agreement. The Eleventh Circuit's ruling in *Imperial Residential Design* does not allow Plaintiff to skirt the requirements of § 204(a) of the Copyright Act.

## CONCLUSION

A copyright owner may not delegate the ability to enforce its rights through litigation. Only the owner of an exclusive right to one of the six copyright rights identified in the Copyright Act may bring a lawsuit. Because Plaintiff does not own an exclusive right to any of the six copyright rights, Plaintiff does not have standing to bring this suit. Plaintiff's motion for summary judgment should be denied in its entirety.

Date:  New York, New York
       May 31, 2024

Respectfully submitted,

By:  /C. Cory Mauro/
     C. Cory Mauro
     Florida Bar No. 384739
     MAURO LAW P.A.
     1001 Yamato Road, Suite 401
     Boca Raton, Florida 33431
     (t) 561.202.1992
     (e) cory@maurolawfirm.com
     (e) service@maurolawfirm.com

     Anderson J. Duff (*pro hac vice*)
     DUFF LAW PLLC
     353 Ocean Ave. Ste. 4E
     Brooklyn, New York 11226
     (t) 646.450.3607
     (e) ajd@hoganduff.com

     *Attorneys for Defendants*
     *Consequence Sound LLC and*
     *Consequence Media Group*

6