UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80488-ROSENBERG

GREAT BOWERY INC.,

    Plaintiff,

v.

CONSEQUENCE SOUND LLC,
et al.,

    Defendants.
_____/

## **ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Defendants' Motion for Summary Judgment at docket entry 33. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted, and this case is dismissed for lack of standing.

The Plaintiff filed this case under federal copyright law, alleging that the Defendants violated a copyright and that the Plaintiff, a corporation, possesses the right to litigate the Defendants' violations of the copyright. DE 1. More specifically, the Plaintiff alleges that the Defendants improperly posted certain Star Wars photographs on their website. *Id.* Importantly for this Order, the photographs were not taken by the Plaintiff—an artificial entity—and were instead taken by an individual, Ms. Annie Leibovitz, who is not a party to this suit.[1] *Id.* Also important to this Order, the Copyright Act identifies six exclusive rights that, as the original copyright owner, Ms. Leibovitz possesses:

    (1) reproduce the copyrighted work;
    (2) prepare derivative works based on the copyrighted work;
    (3) distribute copies or phonorecords of the copyrighted work;

---

1 The Plaintiff previously moved to amend its complaint to add Ms. Leibovitz as a co-Plaintiff, however, the Court denied that motion in light of the fact that the deadline for amended pleadings had lapsed eight months prior, the deadline for discovery had lapsed almost one month prior, and the deadline for dispositive motions was only two days in the future.

>  (4) perform the copyrighted work publicly;
>  (5) display the copyrighted work publicly; and
>  (6) perform the copyrighted work publicly.

17 U.S.C. § 106 (the "Six Exclusive Rights Conferred by Copyright").

The Defendants argue that the Plaintiff does not have standing to litigate copyright infringement. Instead, the Defendants' position is that only the photographer who owns the copyright, Ms. Leibovitz, has standing.

Two types of plaintiffs can prosecute a suit for a copyright violation. The first is the owner of a copyright—here, Ms. Leibovitz. 17 U.S.C. § 501(b). It is undisputed that is not the case before the Court. The second is someone to whom the owner has given **exclusive** rights—one of the Six Exclusive Rights Conferred by Copyright. *E.g., Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011). Here, it is undisputed that Ms. Leibovitz conveyed certain rights to the Plaintiff pertaining to her copyright. The critical questions are whether those rights were exclusive and whether those rights were one of the Six Exclusive Rights Conferred by Copyright.

The Plaintiff relies upon two documents to establish it has an exclusive right. The first is an "Authorization Letter." The second is an "Artist Agreement." The Court examines each document in turn.

The Authorization Letter

The Authorization Letter expressly states that Ms. Leibovitz retains all rights in her copyrights: "I represent and warrant that I am the holder of **_all_** rights, title and interest in and to the copyrighted works." DE 33-13 at 2 (emphasis added).[2] What the Authorization Letter

---

[2] The Court notes that Ms. Leibovitz made this statement long after she executed the Artist Agreement, even though the Plaintiff argues that the Artist Agreement granted it an *exclusive* right.

supports, then, is that the Plaintiff is not an exclusive holder of any rights it may have acquired. Instead, the Plaintiff could be, at best, a non-exclusive licensee. Not an exclusive one.

The Plaintiff has produced this letter to establish standing in litigation before. In *Great Bowery, Inc. v. Cascade Digital Media LLC*, No. 20-CV-00009, 2021 WL 3716654, at *2 (D. Or. July 15, 2021), the Plaintiff produced the same letter in connection with the litigation of different photographs. The district court concluded that the plain language of the letter establishes that the Plaintiff is not an *exclusive* holder of any rights. *Id.* This Court agrees.

## The Artist Agreement

Unlike the Authorization Letter, the Artist Agreement does facially purport to convey certain exclusive rights: "Artist hereby grants to [Plaintiff] the exclusive worldwide right to license, market, and promote the Licensed Images for all uses in any and all media." DE 35-1. However, the problem for the Plaintiff is twofold. First, the exclusive rights conveyed are not identical to any of the Six Exclusive Rights Conferred by Copyright. Second, in the next sentence, Ms. Leibovitz overrides the preceding sentence (because it begins with the phrase "Notwithstanding the foregoing") and retains for herself the right to use or deliver the photographs for any purpose ("for other endeavors") that Ms. Leibovitz "deems of interest." *Id.*[3] Indeed, Ms. Leibovitz may even grant third parties, at her own discretion, rights in the photographs. *Id.* The Defendants cite to three cases for the proposition that this reservation means that the Plaintiff is not the exclusive holder of any right.

---

[3] The Court does not quote the Artist Agreement on this point in its entirety because the Agreement is under seal by agreement of the parties.

3

First, the Defendants cite to *Creative Photographers, Inc. v. Julie Torres Art, LLC*, No. 22-CV-00655, 2023 WL 2482962 (N.D. Ga. March 13, 2023), a case decided in this Circuit. In *Creative*, the district court analyzed the following language:

> You retain [Plaintiff] as your exclusive agent to sell, syndicate, license, market or otherwise distribute any and all celebrity/portrait photographs and related video portraits, submitted to us by you and accepted by us for exploitation for sale or syndication during the term of this Agreement (the "Accepted Images"). *You must be the sole owner of the copyright for all such photographs* and may not offer any celebrity/portrait photographs for sale or syndication to or through any other agent, representative, agency, person or entity during the Term of this Agreement.

*Id.* at *4. Focusing on the italicized language, the district court concluded that instead of conveying to the plaintiff certain rights, the agreement made the plaintiff an exclusive agent. *Id.* This distinction was important, the district court reasoned, because a copyright owner's authority to litigate is premised upon a statutory right, while an exclusive agent's authority to litigate sounds in contract. *Id.* The former certainly has statutory standing. The latter may not. Thus, the operative question for the *Creative* court was not whether the plaintiff was an exclusive agent, but whether the plaintiff held an exclusive copyright. *Id.* The court concluded that the agreement did not make the plaintiff an exclusive holder of any of the Six Exclusive Rights Conferred by Copyright. *Id.* at *7; *see also ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 402 F.3d 881, 980 (2d Cir. 1991) ("[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.").

Other district courts have reached the same kind of conclusion. For example, in *Viesti Associates, Inc. v. McGraw-Hill Global Education Holdings, LLC*, No. 12-CV-00668, 2015 WL 585806, at *6 (D. Col. Feb. 11, 2015), the second case the instant Defendants rely upon, the district court concluded that the following language would be insufficient for standing: "[I appoint you as] an exclusive agent and representative." That language was insufficient, the court reasoned,

4

because the agreement did not restrict the owner from licensing the images to others, or from otherwise utilizing the Six Exclusive Rights Conferred by Copyright. *See id.*

The third case the Defendants rely upon, *Original Appalachian Artworks, Inc. v. Schlaifer Lance & Co.*, 679 F. Supp. 1564, 1568 (N.D. Ga. 1987), was decided in this Circuit. In *Original Appalachian*, an agreement conveyed to the plaintiff "the exclusive worldwide rights to license the designs, trademarks, and tradenames" of the copyright. *Id.* The plaintiff reasoned that because it held an exclusive right to license the property to others, it must be the exclusive owner (at least of some of the rights) in the copyright itself. *Id.* at 1571-72. The district court disagreed, finding that the plaintiff's source of authority was contractual, not statutory, and, as a result, the plaintiff did not have statutory standing. *Id.* at 1572.

To summarize the Defendants' argument, the Defendants contend that, like *Creative* and *Original Appalachian*, the problem in the instant case is that the agreement conveyed a non-exclusive license of certain rights, not an exclusive grant of one of the Six Exclusive Rights Conferred by Copyright. Like *Viesti*, Ms. Leibovitz retained substantial rights for herself, underscoring that no exclusive rights were conveyed. The Court turns now to the Plaintiff's Response.

In a tacit acknowledgement of the standing-based problems in this case, the Plaintiff proffers a declaration that Ms. Leibovitz recently executed that would, perhaps, confer standing upon the Plaintiff in the future.[4] But the Plaintiff must have possessed standing at the time of the alleged infringement and cannot obtain standing retroactively now in response to the Defendants'

---

4 Although the Plaintiff's argument on this point is confusing, the Plaintiff may raise the argument that this Court should consider evidence of Ms. Leibovitz's past intent to convey an exclusive right in the Artist Agreement. But parol evidence of intent is only admissible when a contract is ambiguous. *E.g., Duval Motors Co. v. Rogers*, 73 So. 3d 261, 265 (Fla. Dist. Ct. App. 2011). Here, there is no ambiguity—Ms. Leibovitz clearly retained the right to grant licenses to other parties at her own discretion.

5

Motion for Summary Judgment. *Loyrentz v. Sunshine Health Prods., Inc.*, No. 09-CV-61529, 2010 WL 3733986, at *8 (S.D. Fla. Aug. 27, 2010) ("If Plaintiff did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action." (citing *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969)). For authority for the proposition that the Plaintiff should nonetheless survive summary judgment, the Plaintiff relies upon *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F.3d 96 (11th Cir. 1995).

In *Imperial*, the plaintiff failed to produce a valid written assignment of the right to sue prior to the time of the alleged infringement. *Id.* at 98. The plaintiff did have evidence, however, that an assignment was made via an *oral* agreement prior to the infringement, and the Eleventh Circuit held that a written agreement executed after the infringement may ratify a prior oral agreement, holding that this sequence is sufficient for standing (and to defeat a summary judgment on standing) under the Copyright Act. *Id.* at 99. Here, however, the Plaintiff cites to no evidence that Ms. Leibovitz conveyed an exclusive copyright to the Plaintiff via oral agreement, such that she may ratify the oral agreement with a written agreement now. The Court also notes that in *Imperial*, unlike here, both the exclusive license holder and the original copyright owner initiated the suit as co-plaintiffs. *Id.* The Court concludes that *Imperial* is of no assistance to the Plaintiff in this case.

Finally, the Plaintiff relies upon one case for the proposition that *Creative*, *Original Appalachian*, and *Viesti* should not guide the Court's decision in the instant case: *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 999-1000 (9th Cir. 2015).

In *Minden*, a group of photographers conveyed certain rights to the plaintiff, who in turn brought suit against the defendant-publisher. *Id.* The defendant argued that the plaintiff lacked

6

standing, citing to the fact that the photographers retained various rights for themselves; the defendant therefore argued that the plaintiff did not hold an exclusive license. *Id.* at 1003-04. Upon review of *Minden*, it does support the Plaintiff's argument. The *Minden* court effectively disregarded the fact that the plaintiff in that case held a non-exclusive license; indeed, a fair reading of the *Minden* court's conclusion is that the word "exclusive" doesn't necessarily have to mean "exclusive," and the *Minden* court found that the plaintiff had sufficient standing. *See id.*

Courts in this Circuit have declined to follow the reasoning of *Minden*, noting that it is not binding authority, and have instead followed the reasoning of cases decided within the Eleventh Circuit such as *Original Appalachian*. *Creative*, 2023 WL 2482962, at *7 (declining to apply *Minden* and following *Original Appalachian*); *Viesti*, 2015 WL 585806, at *6 (citing *Minden* but not applying its reasoning). This Court agrees with *Creative*, *Viesti*, and *Original Appalachian*, concluding that "exclusive" means exclusive. Here, the Plaintiff did not receive an exclusive right; the owner of the copyright not only retained the same rights for herself but also retained the ability to grant the same rights to other parties at her discretion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment is **GRANTED** for the reasons set forth in this Order, this case is **DISMISSED FOR LACK OF STANDING**, all other pending motions are **DENIED AS MOOT**, and the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of July, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE