UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-RLR

|  |  |
|---|---|
| GREAT BOWERY INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CONSEQUENCE SOUND LLC, and | ) |
| CONSEQUENCE MEDIA GROUP, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**Defendants' Motion for Attorneys' Fees and Memorandum in Support**

Defendants' Consequence Sound LLC and Consequence Media Group (together "Consequence" or "Defendants") are entitled to recover their attorneys' fees pursuant to 17 U.S.C. § 505 of the Copyright Act. "Under the Copyright Act, district courts have the discretion to award prevailing parties their attorneys' fees." *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F.Supp.3d 1356, 1375 (S.D. Fla. 2015) (awarding attorneys' fees to prevailing defendant). "The United States Supreme Court has held that successful plaintiffs and defendants are equally entitled to recover costs and and attorney's fees under Section 505." *Id.* (quoting *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, *4 (S.D. Fla. July 1, 2008) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (citations omitted)). The Supreme Court has provided nonexclusive factors to guide district courts in their consideration of fee awards. *Fogerty*, 510 U.S. at 535 n.19. "These factors include frivolousness, motivations, objective unreasonableness (both in factual and in legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Pro. LED Lighting*, 88 F.Supp.3d at 1375 (quoting *Fogerty*, 510 U.S. at 535 n.19.) While an award of attorneys' fees is made "in the trial court's discretion, they are the rule rather then the exception [in copyright cases] and should be awarded routinely." *Pro. LED Lighting*, 88 F.Supp.3d at 1376 (citation omitted). "[W]here a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees is very strong." *Korman v. Iglesias*, No. 18-21028-CV, 2019 WL 2142521, at *2 (S.D. Fla. Apr. 4, 2019), *report and recommendation adopted*, 2019 WL 2141655 (S.D. Fla. Apr. 25, 2019) (citation omitted).

## I.   Plaintiff's Claim Against Defendants was Frivolous Because Plaintiff Knew or Should Have Known that it Did Not Have Standing to Bring the Claim

"[F]rivolousness . . . in copyright cases is usually found in cases in which the claimant does not even own the copyright in question or has granted a license to the alleged infringer but

sues for infringement nonetheless." *Pro. LED Lighting*, 88 F.Supp.3d at 1375 (quoting *Corwin v. Walt Disney World Co.*, No. 6:02-cv-1377-Orl-19KRS, 2008 WL 754697, at *6 (M.D. Fla. Mar. 18, 2008); *see also Amadasun v. Dreamworks, LLC*, 359 F.Supp.2d 1367, 1373 (N.D. Ga. 2005) (holding claims frivolous where plaintiff knew, or should have known, that he did not own valid copyrights for works sued upon)). In the Eleventh Circuit, a showing of bad faith or frivolity is not a prerequisite for an award of attorneys' fees under § 505. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).

In *Pro. LED Lighting*, the Southern District of Florida awarded attorneys' fees to a defendant after dismissing a plaintiff's copyright infringement claims for want of standing. 88 F.Supp.3d at 1376. The Court noted that the plaintiff had multiple opportunities to amend its complaint to add the proper party and chose not to do so. *Id.*

In this case, Defendants' counsel raised the standing issue at least as early as November 29, 2023 after reviewing the documents produced by Plaintiff during discovery. (Duff Decl., at ¶ 14.) Moreover, the exact same issue was raised years ago by a defendant who saw the case dismissed at summary judgment on the grounds that Plaintiff lacked standing to sue on behalf of Annie Leibowitz. *Great Bowery, Inc. v. Cascade Digital Media LLC*, 6:20-cv-00009-MK, 2021 WL 3716654, at *2-3 (D. Or. July 15, 2021) (recommending a grant of summary judgment to defendant who argued that Plaintiff did not have standing), *report and recommendation adopted*, 2022 WL 939871 (D. Or. Mar. 29, 2022). Despite being on notice of the standing issue since at least as early as 2021, roughly two years prior to the instigation of the above-captioned action, Plaintiff did not cure the standing issue with a grant of rights from Leibovitz or add Leibovitz as a party when filing against Consequence. Although Consequence raised the issue at least as early

as November 29, 2023, Plaintiff did not move to amend the Complaint to cure the standing defect until May 6, 2024. (Pl.'s Mot. Am., ECF No. 27.)

While the Court noted in its July 2, 2024 Order dismissing this action that one Ninth Circuit case did support Plaintiff's position, the Court also noted that Courts in the Eleventh Circuit do not follow the reasoning of that case and are not bound by it. *Great Bowery Inc. v. Consequence Sound LLC*, Case No. 23-CV-80488-ROSENBERG, 2024 WL 3291101, at *4 (S.D. Fla. July 2, 2024) (citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 999-1000 (9th Cir. 2015)). At least one Court within the Ninth Circuit's jurisdiction has rejected Plaintiff's reliance on *Minden*. *Cascade Digital*, 2021 WL 3716654, at *2-3. Because Plaintiff advanced a frivolous legal argument with respect to its standing to bring copyright infringement claims on behalf of Annie Leibovitz, an award of attorneys' fees to Defendants is proper.

## II.     Plaintiff's Claim Against Defendants was Objectively Unreasonable

Even if the Court finds that Plaintiff's position was not frivolous, an award of attorneys' fees to Consequence is still proper because Plaintiff's position was objectively unreasonable. "To determine whether a non-prevailing party's position was objectively unreasonable, courts consider 'the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument.'" *Caracol Television, S.A. v. Telemundo Television Studios, LLC*, Case No. 18-23443-CIV-GAYLES/OTAZO-REYES, 2022 WL 17583608, at *6 (S.D. Fla. Aug. 4, 2022) (citation omitted). Courts look at whether the losing party's "position was patently without merit or otherwise clearly lacking a legal or factual basis." *Id.* (citation omitted).

Plaintiff filed its Complaint on March 29, 2023. (Compl., ECF No. 1.) The Ninth Circuit issued its opinion in *Minden* on July 29, 2015. Sixteen days before Plaintiff filed this action and a little over a year before Plaintiff moved for summary judgment, a Court within the Eleventh

Circuit expressly considered *Minden* and declined to apply it. *Creative Photographers, Inc. v. Julie Torres Art, LLC*, CIVIL ACTION NO. 1:22-CV-00655-JPB, 2023 WL 2482962, at *7 (N.D. Ga. Mar. 13, 2023). Courts in the Eleventh Circuit follow precedent on the issue of standing that dates back to at least as early as 1987. *Original Appalachian Artworks, Inc. v. Schlaifer Lance & Co.*, 679 F.Supp. 1564, 1568 (N.D. Ga. 1987). Even within the Ninth Circuit, which decided *Minden*, Courts do not follow its twisted logic. *Cascade Digital*, 2021 WL 3716654, at *2-3, *report and recommendation adopted*, 2022 WL 939871. As noted by the Court, "a fair reading of the *Minden* court's conclusion is that the word 'exclusive' doesn't necessarily have to mean 'exclusive[.]'" *Great Bowery*, 2024 WL 3291101, at *4. Plaintiff's position on standing both when it filed the Complaint and when it filed it motion for summary judgment over a year later relied upon the argument that "exclusive" does not necessarily have to mean "exclusive."

As noted by the Court, Plaintiff made a "tacit acknowledgement of the standing-based problems in this case" by submitting a declaration from Annie Leibovitz that attempted to cure standing issue. *Great Bowery*, 2024 WL 3291101, at *3. Plaintiff also attempted to cure its standing issue by moving to amend its Complaint to add Leibovitz as a co-plaintiff nearly eight months after the deadline to amend had passed and almost three years after the District of Oregon made Plaintiff aware of its standing issue in *Cascade Digital*. (Pl.'s Mot. Am., ECF No. 27, at 1.) It took this Court only one month to consider two fully briefed motions for summary judgment and issue a reasoned opinion finding that Plaintiff lacked standing.

The relevant caselaw existing when Plaintiff pressed its argument on standing, as well as Plaintiff's late-stage attempts to cure its standing issue, and the Court's rapidly issued written

opinion all demonstrate that Plaintiff's position as to standing was objectively unreasonable for the purposes of fee shifting pursuant to § 505 of the Copyright Act.

### III.  The Considerations of Compensation and Deterrence Support an Award of Attorneys' Fees to Consequence

An award of attorneys' fees in this case would compensate Consequence for its meritorious defense of claims brought by an aggressive plaintiff that lacked standing and deter third parties from following in Plaintiff's footsteps. "[A] prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement," and "defendants have an interest in being compensated for their successful defense" of an action. *Caracol*, 2022 WL 17583608, at *7 (quoting *Amadasun v. Dreamworks, LLC*, 359 F.Supp.2d 1367, 1376 (N.D. Ga. 2005)). Defendants successful defense against Plaintiff's claims resulted in a reasoned opinion from the Southern District of Florida that not only discusses relevant precedent within the Eleventh Circuit but also acknowledges the aberrance of *Minden* while expressly stating that it is not the law in the Eleventh Circuit. Consequence spent a significant amount of time and resources fighting Plaintiff's case, and should be compensated for its part in the development of clear precedent on the issue of standing for copyright infringement claims in the Southern District of Florida.

### IV.  Consequence's Requested Fee Award is Reasonable

Consequence seeks an award of $22,100 for its attorneys' fees and costs. As detailed in the attached declarations of counsel, the fees charged include over a year of legal work starting in June 2023 and continuing through this filing. (Duff Decl. ¶¶ 3, 4.)  An award of attorneys' fees is calculated by using the lodestar method, which is the number of reasonable hours expended multiplied by the reasonable hourly rate for each timekeeper involved. *Norman v. Housing Auth.*

*of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Consequence seeks only recovery of the time billed by its lead counsel at a rate of $500 per hour.

Dated:  September 3, 2024                          Respectfully submitted,
        New York, New York

                                     By:    /Anderson  J. Duff/
                                              Anderson J. Duff
                                              DUFF LAW PLLC
                                              353 Ocean Avenue Ste. 4E
                                              Brooklyn, New York 11226
                                              (t) 646.450.3607
                                              (e) ajd@hoganduff.com

                                              C. Cory Mauro
                                              Florida Bar No. 384739
                                              MAURO LAW P.A.
                                              1001 Yamato Road, Suite 401
                                              Boca Raton, Florida 33431
                                              (t) 561.202.1992
                                              (e) cory@maurolawfirm.com
                                              (e) service@maurolawfirm.com

                                              *Attorneys for Defendants*

## <u>CERTIFICATE OF GOOD FAITH CONFERRAL</u>

Pursuant to Local Rule 7.3(b), the undersigned certifies that he has conferred with Plaintiff's counsel regarding the relief requested herein. In response to Plaintiff's objections to a draft of this motion provided by the undersigned, Consequence withdrew its demand for attorneys' fees associated with three time entries totaling 2 hours for duplicative work. Plaintiff objects to all relief requested.

<u>/Anderson J. Duff/</u>
Anderson J. Duff