UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-RLR

|  |  |
|---|---|
| GREAT BOWERY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSEQUENCE SOUND LLC, and | ) |
| CONSEQUENCE MEDIA GROUP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF ANDERSON J. DUFF IN SUPPORT DEFENDANTS' MOTION
FOR ATTORNEYS' FEES**

I, Anderson J. Duff, state as follows:

1.      I am an attorney of record for Defendants Consequence Sound LLC and Consequence Media Group ("Defendants") in the above-captioned matter, and I am familiar with the relevant file, records, and pleadings.

2.      Defendants appeared, participated in discovery, mediated the claims at issue, and moved for summary judgment, which was granted in Defendants' favor.

3.      In 2023,  I billed a total of 19.5 hours working on the above-captioned matter as shown in the attached **Exhibit A**.

4.      In 2024, I billed a total of 26.7 hours working on the above-captioned matter as shown in the attached **Exhibit B**.

5.      I have been the lead attorney on this case since it was filed. The total time billed by me working on this case equals 46.2 hours.

6.      It is my normal practice to review all invoices before they are sent to clients for payment so that I may make adjustments (down, never up) to ensure that the invoices sent to clients are fair and reasonable. I followed this practice in connection with the billing entries made in connection with my work for Defendants to eliminate unnecessary, duplicative, or excessive time, and to otherwise ensure that, in my professional judgment, all charges were appropriate. I also wrote off costs such as postage and fees for legal research.

7.      I was admitted to the bar in the State of New York in 2010.

8.      I have reviewed awards of attorneys' fees in the Southern District of Florida and familiarized myself with the billing rates for attorneys who work in the District with my skill and experience.

9.      Since 2017, I have served as a partner in two small law firms specializing in intellectual property and media law. I have served as the managing member of Duff Law PLLC since February 2020.

10.     Since 2010, I have regularly litigated in federal and state courts throughout the country and before the Trademark Trial and Appeal Board.

11.     I am admitted to practice in the Commonwealth of Massachusetts and before the Eastern District of New York, District of Massachusetts, Northern District of Illinois, and Sixth Circuit. I regularly litigate intellectual property disputes in other federal districts through a *pro hac vice* admission such as the federal trademark and copyright infringement cases I have currently pending in the Western District of Washington. I focused on intellectual property since before attending law school, indeed, my interest in intellectual property law is the reason I decided to go to law school after trying to build a career as a journalist.

12.     I am the co-author of *IP Strategy*, an intellectual property treatise published by Thompson Reuters.

13.     Since the fall of 2021, I have taught as an adjunct professor at the Fordham University School of Law.

14.     After reviewing the documents produced by Plaintiff during the discovery period, I raised the standing issue with Plaintiff's counsel in a November 29, 2023 email. A true and correct copy of that email is attached hereto as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated:  September 3, 2024                                  Respectfully submitted,
        Brooklyn, New York

By:           _____

Anderson J. Duff
DUFF LAW PLLC
353 Ocean Avenue Ste. 4E
New York, New York 11226
(t) 646.450.3607
(e) ajd@hoganduff.com
*Attorneys for Defendants*

**EXHIBIT A**
**2023 Time Billed**

| Date | Description | hrs. | Billed By |
|------|-------------|------|-----------|
| 12/21/2023 | Legal research concerning plaintiff's relevant lawsuits against third parties; review documents produced by opposing counsel in response to our discovery requests; review cases cited by opposing counsel; correspondence with opposing counsel addressing fallacies in her arguments | 1.2 | Anderson J. Duff |
| 11/29/2023 | Correspondence with opposing counsel concerning settlement offer and lack of standing | 0.3 | Anderson J. Duff |
| 11/8/2023 | Review documents produced by Plaintiff in response to discovery requests; review documents produced by Plaintiff in previous similar case; legal research concerning case law on standing to bring lawsuit in Southern District of Florida; add notes to file | 1.2 | Anderson J. Duff |
| 11/8/2023 | Legal research concerning standing to bring copyright infringement lawsuits in Southern District of Florida; summarize research in correspondence to client with options for next steps | 2.1 | Anderson J. Duff |
| 11/3/2023 | Review scheduling orders; correspondence with mediator concerning court mandated mediation procedure; correspondence with opposing counsel concerning same; draft and revise notice to court of our date for mediation as well as the identity of our mediator; send same to attorney C. Mauro and opposing counsel for review and approval for filing | 0.5 | Anderson J. Duff |

| | | | |
|---|---|---|---|
| 11/2/2023 | Correspondence with opposing counsel concerning selection of mediator and scheduling of mediation required by court; review potential mediators and scheduling order; correspondence with opposing counsel proposing mediator and dates | 0.4 | Anderson J. Duff |
| 11/1/2023 | Review correspondence from opposing counsel concerning mediation scheduling deadline; correspondence with local counsel concerning same | 0.2 | Anderson J. Duff |
| 11/1/2023 | Correspondence with opposing counsel concerning mediation selection due to court by Friday | 0.2 | Anderson J. Duff |
| 10/12/2023 | Review document production in response to discovery requests sent to opposing counsel; legal research concerning whether letter signed by Annie Leibovitz confers standing on plaintiff to bring suit in her name | 2.6 | Anderson J. Duff |
| 9/12/2023 | Revise Initial Disclosures and First Requests for Production to Great Bowery; serve same on opposing counsel | 0.4 | Anderson J. Duff |
| 9/12/2023 | Phone call with client concerning local counsel's invoices | 0.4 | Anderson J. Duff |
| 8/25/2023 | Draft initial disclosures; draft first set of requests for documents; send same to client for review | 1.4 | Anderson J. Duff |
| 8/24/2023 | Correspondence with client concerning status of matters | 0.2 | Anderson J. Duff |
| 8/18/2023 | Correspondence with local counsel concerning status of case | 0.2 | Anderson J. Duff |
| 8/16/2023 | Phone call with opposing counsel discussing potential settlement and necessity for discovery | 0.4 | Anderson J. Duff |

| | | | |
|---|---|---|---|
| 7/27/2023 | Review correspondence from opposing counsel; review correspondence from local counsel concerning Court's scheduling order; review scheduling order; send scheduling order and sample licenses to client with suggested strategy; correspondence with local counsel responding to question concerning status | 1.3 | Anderson J. Duff |
| 7/20/2023 | Review correspondence from opposing counsel; correspondence to opposing counsel requesting representative licensing agreements promised by opposing counsel | 0.2 | Anderson J. Duff |
| 7/12/2023 | Review file in preparation for call with opposing counsel; phone call with opposing counsel concerning potential for settlement; correspondence with opposing counsel concerning list of third-party publications that published the same photographs | 0.5 | Anderson J. Duff |
| 7/12/2023 | Review assigned judge's standing order concerning civil cases; review notes from phone call with opposing counsel; correspondence with client attaching filed Answer and summarizing status of settlement talks and lawsuit | 0.7 | Anderson J. Duff |
| 7/12/2023 | Legal research in preparation for meeting with client to discuss potential settlement; review filings in case filed by Great Bowery in D. Oregon wherein Court held Great Bowery lacked standing to sue | 0.9 | Anderson J. Duff |
| 7/12/2023 | Correspondence with client concerning scheduled call and Plaintiff's potential lack of standing | 0.2 | Anderson J. Duff |

| Date | Description | Hours | Attorney |
|---|---|---|---|
| 7/11/2023 | Review correspondence from opposing counsel forwarded from client; correspondence with opposing counsel; correspondence with client concerning response to complaint; correspondence with local counsel concerning Answer; phone call with local counsel concerning same; draft and revise Answer; send Answer to local counsel for filing; correspondence with client concerning next steps | 2.7 | Anderson J. Duff |
| 7/5/2023 | Review questions from client; review docket; review plaintiff's website regarding licensing; review complaint; legal research confirming industry standard not a defense to infringement in this context; review lawsuits filed by Plaintiff against third parties; correspondence with client summarizing findings and proposing potential settlement strategy | 0.8 | Anderson J. Duff |
| 7/5/2023 | Correspondence with client concerning possibility of obtaining an extension of time to answer complaint | 0.1 | Anderson J. Duff |
| 6/26/2023 | Review hard copies of complaint and summons received in mail; check docket for any new entries; correspondence with client summarizing status and Great Bowery's deadline to serve complaint | 0.4 | Anderson J. Duff |
| | **2023 Total** | 19.50 | |

**EXHIBIT B**
**2024 Time Billed**

| Date | Description | hrs. | Billed By |
|------|-------------|------|-----------|
| 7/15/2024 | Draft and revise declarations in support of motion for attorneys' fees; legal research concerning same | 1.3 | Anderson J. Duff |
| 7/10/2024 | Correspondence with client concerning motion for fees; correspondence with attorney C. Mauro concerning motion for fees | 0.2 | Anderson J. Duff |
| 7/2/2024 | Review order dismissing case; correspondence with opposing counsel concerning same; correspondence with client concerning same and motion for attorneys' fees | 0.5 | Anderson J. Duff |
| 6/12/2024 | Correspondence with client concerning retainer from mediator, summary judgment filings, and next steps | 0.3 | Anderson J. Duff |
| 5/23/2024 | Draft, revise, and send memorandum opposing plaintiff's motion for summary judgment, counterstatement of material facts, and notice of sealed document to attorney C. Mauro for review and filing | 5.6 | Anderson J. Duff |
| 5/15/2024 | Review local rules concerning filing of sealed documents; review court order granting plaintiff's motion to seal; draft, revise, and send notice of sealed filing to local counsel, C. Mauro for review and filing | 1.5 | Anderson J. Duff |

| | | | |
|---|---|---|---|
| 4/30/2024 | Review research notes and outline concerning standing requirements in copyright infringement case; review agreements produced by Conde Nast and add notes to file; review documents produced by Plaintiff; draft, revise, and send mediation statement to mediator; draft and revise motion for summary judgment; correspondence with client concerning same | 6.4 | Anderson J. Duff |
| 4/30/2024 | Video conference with client to discuss upcoming mediation and next steps | 0.7 | Anderson J. Duff |
| 3/28/2024 | Review correspondence from opposing counsel concerning Rule 45 subpoena to Conde Nast parent company; correspondence with opposing counsel concerning same | 0.2 | Anderson J. Duff |
| 3/19/2024 | Phone call from attorney for Conde Nast concerning Rule 45 subpoena; review complaint and subpoena; correspondence with attorney for Conde Nast concerning same | 0.6 | Anderson J. Duff |
| 3/15/2024 | Review correspondence from client concerning draft responses to Plaintiff's interrogatories; draft, revise, and send responses and objections to Plaintiff's requests for admission, interrogatories, and requests for production with comments | 2.3 | Anderson J. Duff |
| 3/12/2024 | Draft responses and objections to plaintiff's interrogatories; send draft to client | 1 | Anderson J. Duff |
| 3/12/2024 | Video chat with client discussing responses to written discovery requests from Plaintiff and strategy | 1.1 | Anderson J. Duff |
| 3/8/2024 | Draft, revise, and serve second set of requests for production, first set of interrogatories, and first set of requests for admission on Plaintiff; draft, revise, and serve Rule 45 subpoena on Conde Nast | 3.3 | Anderson J. Duff |

| | | | |
|---|---|---|---|
| 3/7/2024 | Correspondence with client summarizing status of discovery and planned motion for summary judgment | 0.2 | Anderson J. Duff |
| 3/6/2024 | Review correspondence from opposing counsel; review agreements between third parties and Annie Leibovitz concerning relevant time period; draft outline for materials to seek from third parties | 1.5 | Anderson J. Duff |
| | **Total 2024** | 26.7 | |

**EXHIBIT C**
**November 2023 Correspondence**

**Wednesday, July 31, 2024 at 21:09:00 Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | Re: Date for Mediation - Great Bowery v. Consequence - Case No. 9:23-cv-80488-RLR |
| **Date:** | Thursday, November 30, 2023 at 11:19:09 AM Eastern Standard Time |
| **From:** | Taryn Murray <tmurray@Higbee.law> |
| **To:** | Anderson Duff <ajd@hoganduff.com> |
| **Attachments:** | Cascade Order.pdf |

Anderson,

It appears you did not read the case you that you've cited, and frankly, your client's offer will only work to cool negotiations if they do not seriously reconsider their position.

First, the court withdrew that opinion and so it has 0 relevance to this case. I have attached the Order from the Court in which the decision and opinion were vacated.

Second, even if the opinion had any relevance, the court was very clear that it only applied to the specific images in the case. If you read the case you would have seen that the images are not included in the matter we are currently negotiating. The Court was very particular with its language and stated the artist agreement did not apply to the "Images at issue in this proceeding." But again, it must be reiterated, this opinion was withdrawn and is therefore non-binding and not legal precedent for lack of standing.

Third, there are court opinions that have not been withdrawn that assert the exact opposite of what you are arguing: *Great Bowery v. Best Little Sites*, No. 2:21-cv-00567-DBB-JCB, 2023 U.S. Dist. LEXIS 77562, at *25 (D. Utah May 2, 2023) ("Trunk Archive does not assert that it was the original copyright owner of the Subject Images. It asserts instead that Ms. Leibovitz granted it the exclusive right to license the images. As such, Trunk Archive has plausibly pled that it held all six rights under Section 106.").

Our client will emphatically provide testimony that the images were provided to them in accordance with the artist agreement already produced.

As your client would bear the burden of proof on a summary judgment motion regarding standing, you may want to urge your client to come up with a more realistic settlement offer to get this done.

The offer is unequivocally rejected. I am authorized to counter with $164,000.

Thank you,

Taryn R. Murray, Esq.
New York Bar No. 5888896
Massachusetts Bar No. 703750
Attorney at Law - Copyright Division
Law Firm of Higbee & Associates
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705
tmurray@higbee.law
Phone: (714) 617-8340

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message. Thank you very much

**From:** Anderson Duff <ajd@hoganduff.com>
**Date:** Wednesday, November 29, 2023 at 5:20 PM
**To:** Taryn Murray <tmurray@Higbee.law>
**Subject:** Re: Date for Mediation - Great Bowery v. Consequence - Case No. 9:23-cv-80488-RLR

Taryn:

Thank you for your email. I am authorized to offer $750 to settle this matter. The produced authorization letter purporting to allow Great Bowery to act as Liebovitz's non-exclusive agent does not confer standing on Great Bowery to bring this lawsuit. The District of Oregon recently considered a case involving the exact same letter, which we note was signed prior to the creation of at least some of the photographs at issue in this case and therefore could not confer any rights in or to those images to Great Bowery, and found that Great Bowery lacked standing. *Great Bowery, Inv. V. Cascade Digital Media LLC*, 2021 WL 3716654, 6:20-cv-00009-MK (D. Oregon July 15, 2021).

Best,

-Anderson-
646.450.3607
HoganDuff.com