UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9-23-cv-80488

GREAT BOWERY, INC.,

Plaintiff,

v.

CONSEQUENCE SOUND, LLC,

Defendant.

_______________________________________/

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND, IN THE ALTERNATIVE,
ANNIE LEIBOVITZ'S MOTION TO INTERVENE**

## I. Introduction

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff, Great Bowery, Inc. ("Bowery"), by and through its undersigned attorney, hereby provides notice and files this Motion for Leave to File an Amended Complaint in this action. This amended complaint adds three additional copyright infringements by Defendant, Consequence of Sound, LLC ("Consequence"), an additional claim for damages, Annie Leibovitz, who created the photography at issue, as a co-plaintiff. A copy of the proposed Amended Complaint is attached hereto as **Exhibit 1** (the "Amended Complaint"). In the alternative, Annie Leibovitz moves to intervene as Plaintiff in this action. A copy of the proposed Amended Complaint is attached hereto as **Exhibit 2** (the "Intervenor Complaint"). It is respectfully submitted that relief should be granted, as follows:

## II. Background

Annie Leibovitz is one of the world's most acclaimed photographers and has created some of history's most iconic photographs depicting a dizzying array of artists and personalities. Like many top photographers, Leibovitz works with an agency to license, distribute, oversee, monetize, and control access to her work.

Her agency, Bowery, which also does business as Trunk Archive, entered into an "Artist Agreement" with Leibovitz ("Agreement") that grants Bowery the "**exclusive** worldwide right to license, market, and promote the Licensed Images (as defined below) for **all uses** in any and all media." **Exhibit 3** (emphasis added). Should Bowery grant a photography license to a website under the Agreement, Bowery distributes a copy of the relevant photograph to that website and directly receives payment from that website. Other than to one organization, Contract Press Images, and its owner, Robert Pledge, Leibovitz cannot authorize the third-party use of her work.

After entering into the Agreement, Leibovitz signed an additional document to confirm

that Bowery was authorized to enforce and protect her copyrights. Neither Leibovitz nor Bowery has ever contested the terms of their agreements

Bowery brought this lawsuit against Consequence Sound, LLC ("Consequence") after Consequence commercially exploited dozens of Leibovitz's photographs ("Photographs") without a license across a multitude of articles on its commercial website. Consequence has been named in numerous infringement lawsuits and knew, or should have known, that it could not commercially exploit another's photograph without authorization or consent. Yet Consequence exploited Bowery-controlled Leibovitz works for commercial gain without Bowery's (or Leibovitz's) consent. This is copyright infringement.

Throughout this action, Consequence has not disputed that Leibovitz created the Photographs, that said Photographs were protected against unauthorized use under the Copyright Act, or that it nevertheless exploited those Photographs without obtaining a license. Instead, it sought to evade liability for its infringement on a technicality by claiming that Bowery lacked standing to bring the suit, averring, in essence, that Leibovitz and not Bowery should be the named Plaintiff.

The crux of this argument was that Leibovitz had retained for herself the right to "deliver" her works to a charitable organization and its owner and, as Consequence would have it, that destroyed the "exclusivity" necessary for standing. Following summary judgment briefing, the district court found for the Defendants on the issue of standing on the grounds that Leibovitz's limited retention of rights meant Bowery could not be an exclusive licensee. Bowery timely appealed, and the Eleventh Circuit reversed, finding that the limited retention of rights did not destroy Bowery's status as an exclusive licensee because the "§ 106 rights are divisible and subdivisible," and thus that Bowery does not lack standing as a matter of law. *Great Bowery Inc*

*v. Consequence Sound LLC*, 174 F.4th 1336, 1347 (11th Cir. 2026).

Following remand, Bowery now seeks leave to amend to add claims relating *additional and ongoing* infringing uses of Leibovitz's work by Consequence and to add Leibovitz as a co-Plaintiff, which would address any lingering standing issues, avoid a duplicative second lawsuit, and allow the parties and Court to focus on the merits.

**II. Legal Standard**

Under Rule 15(a)(2), a party may amend its pleading by leave of court "and leave shall be freely given when justice so requires." Fed.R.Civ.P. § 15(a)(2). Accordingly, the courts have held that leave to amend should generally be granted absent a substantial reason for denial. See, e.g., *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)("In addition, a district court's discretion to dismiss a complaint without leave to amend is "severely restrict[ed]" by Fed.R.Civ.P. 15(a), which directs that leave to amend "shall be freely given when justice so requires. [U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.")(internal citations omitted). Indeed, Rule 15(a)'s liberal policy of "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Courts have specifically allowed a plaintiff to amend a complaint to add new copyright infringement after Defendant's infringement of such rights. See, e.g., *Applied Concepts Unleashed, Inc. v. Matthews*, No. 14-14255-CV, 2016 WL 4146495 *2 (S.D. Fla. June 9, 2016).

As to the Leibovitz motion, intervention may be made permissively or as a matter of right. As to the latter, Federal Rule of Civil Procedure 24 "provides, in pertinent part: (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: […] (2) claims an interest

relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 290 (11th Cir. 2020). This Court has "interpreted Rule 24(a)(2) to require a party seeking intervention as a right to demonstrate that: (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit." Id. (brackets in original).

For permissive joinder, Federal Rule of Civil Procedure 24(b) provides, in relevant part, that on a "timely motion," a party may intervene if it "has a claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." *Burke*, 833 F. App'x at 293, quoting Fed.R.Civ.P. § 24(b).

## III. Argument

Bowery should be granted leave to amend to add Leibovitz as a co-plaintiff and add copyright infringement claims related to additional acts of infringement by Consequence. In the alternative, Leibovitz's motion to intervene should be granted and she should be added to the action as a plaintiff.

### A. Leave to amend should be granted

When timely filed, a motion for leave to amend is subject to the liberal standard of Rule 15, which states that leave should be granted "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment." *Cibran Enters., Inc. v. BP Prods. N. Am., Inc.*, 365 F. Supp. 2d 1241, 1251 (S.D. Fla. 2005), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

This motion is timely as it is filed before the deadline to amend set by the August 16, 2026, order of the Court, and is thus governed by Rule 15. See Dkt. No. 64. And there is no apparent reason this motion should not be granted. There was no undue delay in bringing this motion, no bad faith or dilatory motive as Bowery and Leibovitz only wish to conserve the time and resources of all parties and the Court, and no prejudice will result as depositions have not yet been taken, discovery does not close in this case until December 2, 2026, and trial does not begin until March 22, 2027, at the earliest. Id. Presenting the jury with the full scope of Consequence's infringement with all rights-holders involved will advance the interests of justice, increase efficiencies, and obviate the need for additional lawsuits. Leave to amend should thus be granted.

**i. Bowery should be granted leave to add Consequence's additional infringements and a request for damages for copyright management information removal**

For purposes of efficiency and completeness, This Court should permit Bowery to amend to add its additional copyright infringement claims against Consequence. This amendment would add no new causes of action or defendants and seeks only to add claims relating to three additional Consequence infringements and a claim for damages under 17 U.S.C. § 1203 related to Consequence's removal of Leibovitz's copyright management information and addition of false copyright information, which violates 17 U.S.C. §1202. This amendment would avoid the need for both party and judicial resources to be wasted in separate, duplicative litigation. Because it would serve the interests of efficiency and because all considerations under Rule 15 favor amendment, this motion should be granted.

The Court should grant leave to amend to prevent the need for multiple lawsuits between the same parties regarding related infringement. Leave to amend is properly granted where doing so would "promote judicial efficiency by preventing such a piecemeal approach to litigation." *Violette v. W. Cap. Lending, Inc.*, No. 2:25-CV-1020-ECM-JTA, 2026 WL 1022415, at *3 (M.D. Ala. Apr. 15, 2026), report and recommendation adopted, No. 2:25-CV-1020-ECM, 2026 WL 1579133 (M.D. Ala. June 2, 2026), citing *Sullivan v. City of Dadeville*, No. 3:22-cv-653-ECM-JTA, 2023 WL 11812593, at *2 (M.D. Ala. Aug. 1, 2023).

In line with this, Courts regularly grant leave to amend to add new claims that are part of the same corpus of infringement, as is the case here. See *Dow Jones & Co., Inc. v. Perplexity AI, Inc*., 797 F. Supp. 3d 305, 342 (S.D.N.Y. 2025)(allowing amendment of complaint to add 10 additional claims of infringement), citing *Neu Productions Inc. v. Outside Interactive, Inc*., No. 23 Civ. 4125 (LAK) (GWG), 2024 WL 1161498, at *5-7 (S.D.N.Y. Mar. 19, 2024), report and recommendation adopted, No. 23 Civ. 4125 (LAK), 2024 WL 2992351 (S.D.N.Y. June 13, 2024). Amendment is particularly proper if the result of a denial "would be to cause plaintiffs to file a case against the same defendant[.]" Id., citing id. at *6.

Each of the claims to be added here concerns additional infringements of Leibovitz photography, to which Bowery is the exclusive licensee, by Consequence, all of which are timely and if not brought here will need to be addressed through a new lawsuit against Consequence that would be almost entirely duplicative of the instant action. And the damages sought under §1203 arise from the same series of infringing acts. To avoid the resulting waste of judicial resources through piecemeal litigation, this Court should grant Bowery leave to amend and add these claims here.

Moreover, all of the consideration under Rule 15 set forth above militate in favor of granting leave to amend. There has been no undue delay as these claims could not have been

brought until now. To be sure, the “mere passage of time, without anything more, is an insufficient reason to deny leave to amend,” there must be an improper cause for such delay. *In re Engle Cases*, 767 F.3d 1082, 1118 (11th Cir. 2014)(citation omitted). The new claims here arise from Consequence’s ongoing exploitation of Leibovitz photography. Any time that has passed from initial filing to this motion is thus not undue delay and leave to amend should be granted.

No new causes of action or defendants need be added, as the amendment only adds additional acts of copyright infringement by Consequence and a request for damages under another provision of the Copyright Act. The Leibovitz photographs Consequence copied without consent as part of these additional infringements are already part of this case, so amending to add the below Consequence infringements (all of which are live as of today despite the pendency of this action).. The three new Consequence infringements are set forth below:

///

///

///

///

///

///

///

///

///

///

///

///

///

**Additional Consequence of Sound Infringements**[1]




[1] Two of the three infringements appear to be the same infringing social media content in two separate posts.







And adding these claims would not cause Consequence any undue prejudice. Such prejudice only exists if "the amendments create 'undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant.'" *Canto Marti v. Iberostar Hoteles y Apartamentos S.L.*, No. 20-20078-CIV, 2024 WL 3595359, at *2 (S.D. Fla. July 31, 2024)(citation omitted). These new claims all fall under the same copyright infringement cause of action already present and would not involve any body of law outside of copyright.

Amendment would thus cause no undue prejudice.

Because both judicial efficiency and the liberal standards and consideration of Rule 15 all favor amendment, the Court should grant Bowery leave to add Consequence's additional infringements to this suit. If the Court is inclined to grant this request in part, it is respectfully requested that the Court do so.

**ii. Bowery should be allowed to amend to add Leibovitz**

Leave to amend to add Leibovitz as a plaintiff should be granted to address any lingering questions as to standing and prevent any further delay in resolving this case on the merits. Defendants' efforts to evade discussion of this case on the merits thus far have been extensive, costly, and resulted in significant delays. The Eleventh Circuit has now rejected Defendants' existing arguments on standing, and allowing Leibovitz to join this litigation will ensure there are no further such efforts and that the parties and this Court will be able to focus their time and resources on the merits of the copyright infringement at the heart of this lawsuit.

Indeed, a plaintiff has standing to sue for violations of the Copyright Act if it is the legal or beneficial owner of an exclusive right to the copyrighted works at issue. *See Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995), citing 17 U.S.C. § 501(b). Section 106 of the Copyright Act "confers a bundle of exclusive rights" to the copyright owner. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 546, 105 S. Ct. 2218, 2223, 85 L. Ed. 2d 588 (1985). This bundle includes separate and discrete rights of display, reproduction, and distribution. 17 U.S.C. § 106(1), (3), (5).[2] Notably, the statute states

[2] Section 106(1) grants a copyright owner the exclusive right to "reproduce the copyrighted work in copies," Section 106(3) grants the exclusive rights "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending," and Section 106(5) grant the right "to display the copyrighted work publicly[.]" 17 U.S.C. §106(1), (3), (5).

that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the" rights set forth in 17 U.S.C. § 106. The infringement at issue was Consequence's reproduction, display, and distribution of the Photographs. While Bowery had the exclusive rights to display and distribute the Photographs to Consequence and to authorize Consequence to reproduce, display, and distribute the Photographs to the public via its website, Leibovitz owns the copyrights No party has ever disputed that Leibovitz is the author and overall copyright holder for the photographs at issue. If there is any remaining question as to Bowery's standing as an exclusive licensee, Leibovitz's presence as a plaintiff will ensure that standing is no issue.

**B. Leibovitz's motion to intervene should be granted**

If the Court does not allow Bowery to amend its Complaint to add Leibovitz, she should be added via intervention, either as a matter of right or for good cause.

**1. Intervention as a matter of right**

Leibovitz should be allowed to intervene as a matter of right. Under Rule 24(a), a party may intervene as of right if "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); see also Fed.R.Civ.P. 24(a)(2). These requirements are to be "broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); see also *Smith v. L.A. Unified Sch. Distr.*, 830 F.3d 843, 853 (9th Cir. 2016). And a district court is to accept as true non-conclusory allegations in support of such a motion. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

All these factors are met here.

First, Leibovitz's application is timely. On motion to intervene under the Eleventh Circuit,

courts consider "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 534 (S.D. Fla. 2010).

Leibovitz at all times prior to this case operated under the knowledge that Bowery had the appropriate interest to maintain this suit. Leibovitz learned that intervention was necessary upon the court's finding (since reversed) that Bowery lacked the right to enforce her copyrights. Until that moment, Leibovitz believed (and now again believes, given the remand) that Bowery has the requisite rights, but Consequence disagrees.

And there is no prejudice to Consequence given that depositions have not taken place, discovery is open until December, and nothing of substance about the prosecution of the claims and defenses in this case would be altered beyond precluding Defendants' from making more attempts to end this case on a technical standing defense.

In contrast, Leibovitz would suffer great prejudice if her motion is denied and defendants would assuredly renew their efforts to dismiss or delay this case while continuing to exploit Leibovitz's photography without a license or compensation. Finally, the unique circumstances here militate in favor of Leibovitz, as Defendants cannot be allowed to continue simultaneously arguing that this case should be dismissed because of Leibovitz's absence while opposing allowing her to join it.

Additionally, Leibovitz has the requisite interest in this case. Her interest in her copyright is "protectable under some law" (the Copyright Act) and "there is a relationship between the

legally protected interest and the claims at issue," which all pertain to the infringement of that copyright and "the underlying action may impair or impede [her] ability to protect [her] interest." *Nirvana L.L.C. v. Mark Jacobs Int'l L.L.C.*, 2021 WL 11707536, at *3 (C.D. Cal. Dec. 9, 2021)(citations omitted). Notably, the "interest test is primarily a practical guide to disposing of lawsuits by involving **as many apparently concerned persons as is compatible** with efficiency and due process." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 594 (11th Cir. 1991)(emphasis added, citations and internal quotations omitted).

Mindful that the rule should be applied to sweep in as many interest holders as possible, any judicial decision which "'as a practical matter' would foreclose the would-be intervenor's interest is a sufficient impairment." *Nirvana L.L.C.,* 2021 WL 11707536, at *3 (citations omitted). Thus, one that asserts ownership rights in a work and "has rights under federal copyright law" in that work should be allowed to intervene. Id. Leibovitz qualifies as she owns the copyrights in the work at issue and has rights in that work under 17 U.S.C. § 106.

Disposition of the claims at issue here, which directly relate to and impact Leibovitz's copyrights, will significantly impair Leibovitz's ability to protect her copyrights. And the burden of showing inadequacy of representation, which is "minimal" and satisfied if the applicant can "demonstrate that representation of their interests 'may be' inadequate[,]" is satisfied here. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Here, Consequence has argued repeatedly that Bowery cannot adequately represent Leibovitz's interests or her copyrights, conceding that intervention here is necessary.[3]

In this situation, where "legal owners of the works at issue" seek to intervene, intervention

---

[3] Tellingly, Consequence has taken the position that only Leibovitz can enforce her copyrights and that Bowery is unable to legally do so. While the Eleventh Circuit rejected to some degree that position on appeal, Consequence has indicated that it still intends to challenge Bowery's ability to enforce Leibovitz's copyrights.

is proper even after a lengthy delay because, inter alia, disposition of the rights in those works "could result in some prejudice if they are not allowed to intervene in this case." *Baker v. Warner/Chappell Music, Inc*., No. 14-22403-CIV, 2017 WL 4577247, at *6 (S.D. Fla. Oct. 12, 2017), citing *Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc*., No. 07-21659-CIV, 2007 WL 2979865, at *3 (S.D. Fla. Oct. 11, 2007) (finding prejudice if intervention was denied where "[t]he intervenor takes the position that it is the owner of the subject copyrights and seeks declaratory relief as to its ownership rights."). This motion should be granted.

**2. Permissive intervention**

Should the Court not find that Leibovitz should intervene as a matter of right, permissive intervention is appropriate because Leibovitz's request is timely and her claims "have a question of law or fact in common" with the claims at issue – e.g., her ownership rights and standing to bring the claims at issue – and the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2).

Here, the question of which party owns the relevant and requisite rights in connection with the copyrights for the works at issue, and who has standing to enforce those rights, is at the heart of the matter and the law and facts related to that ownership and standing are common between and pertain to both Bowery and Leibovitz. And there is no delay or prejudice as depositions have not yet begun and discovery is open until December. And allowing joinder here will increase efficiency and obviate the need for separate litigation between Leibovitz and Consequence. See *Baker*, 2017 WL 4577247, at *7 (permissive joinder proper where "the legal and factual commonalities" are "undeniable" and there is a lack of prejudice), citing *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc*., 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the

adjudication of the rights of the original parties."). Intervention is proper.

**IV. Amendment or intervention is necessary**

In light of the above, it is respectfully requested that leave be granted for the filing of the amended complaint attached hereto as **Exhibit 1** or, in the alternative, the complaint in intervention attached as **Exhibit 2**.

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred or attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion, and has been unable to resolve the issues. Specifically, on June 22 and 29, 2026, the undersigned conferred with Anderson Duff, counsel for Defendants, by email and advised of the filing of this motion in connection with the preparation of a joint submission to the Court. Mr. Duff indicated that he reserved the right to oppose at that time. I contacted Mr. Duff on August 14, 2026 by telephone and email to ascertain whether his position has changed and further discuss the matter, but he was unable to respond. Our understanding is thus that the Defendants will oppose.

Dated: August 14, 2026

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs
[admitted pro hac vice]
247 Water Street, First Floor
New York, New York
Telephone: (310) 590-1820
scott@donigerlawfirm.com

THE KLEPPIN FIRM, P.A.
By: */s/Chris Kleppin*
Chris Kleppin
Florida Bar No. 625485
8751 West Broward Blvd, Suite 105
Plantation, Florida 33324
Tel: 954-424-1933
chris@kleppinlaw.com

**BURROUGHS DECLARATION**

I, Scott Alan Burroughs, Esq. declare as follows:

I am above 18 years of age and am competent to give the testimony set forth below. I represent the Plaintiff in this action. If called upon, I could and would testify from my personal knowledge as set forth below:

1. I have attached hereto as (a) Exhibit 1 a true and correct copy of the proposed amended complaint; (b) Exhibit 2 a true and correct copy of the complaint in intervention; and (c) Exhibit 3 a true and correct copy of an agreement between Bowery and Leibovitz.

I declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2026 in New York, New York

By: *\/s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Declarant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will electronically send a notice of electronic filing to all counsel of record.

Dated: August 14, 2026

Respectfully submitted,

*By:* *_/s/ Chris Kleppin_*
Chris Kleppin, Esq.
KLEPPIN LAW OFFICE