**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| GREAT BOWERY INC d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT IN INTERVENTION FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
| ANNIE LEIBOVITZ, an individual,<br><br>Plaintiff-in-intervention,<br><br>v.<br><br>CONSEQUENCE SOUND LLC, CONSEQUENCE MEDIA GROUP INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | |

## INTRODUCTION

COMES NOW, Plaintiff-in-Intervention Annie Leibovitz ("Leibovitz") as an individual on her own behalf, and for causes of action against Defendants, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because

Defendant's acts of infringement complained of herein occurred in the state of Florida and the United States, Defendant's acts of infringement were directed towards the state of Florida and the United States, Defendant caused injury to Plaintiff within the state of Florida and the United States, and Defendant has a physical presence in the state of Florida and the United States.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff-in-Intervention Annie Leibovitz is an individual residing in New York.

6. Defendant Consequence Sound LLC ("CS") is an Illinois limited liability company with a principal place of business at 5301 N. Federal Hwy Ste 150, Boca Raton Fl, 33487.

7. Defendant Consequence Media Group Inc ("CMG") is a Delaware corporation with a principal place of business at 5301 N. Federal Hwy Ste 150, Boca Raton Fl, 33487.

8. Leibovitz is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Leibovitz is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

9. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's most prominent artists is American portrait photographer Annie Leibovitz.

12. Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture and her work has been featured on numerous album covers and magazines.

13. Her work has been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

14. In 2014, Leibovitz was invited to the set of *Star Wars Episode VII* where she was granted exclusive access to photograph images of the cast and crew of Star Wars Episode VII for the June 2015 issue of *Vanity Fair Magazine*.

15. In June 2015, 7 of Leibovitz' photographs of the cast and crew of *Star Wars Episode VII* were published in *Vanity Fair Magazine* (the "Episode VII Photographs") with a "VF" watermark at the bottom corner and the caption "PHOTOGRAPH BY ANNIE LEIBOVITZ" for each photograph. *See* https://www.vanityfair.com/hollywood/photos/2015/05/star-wars-the-force-awakens-photos-annie-leibovitz.

16. Leibovitz registered the Episode VII Photographs with the United States Copyright Office under registration certificate VA 2-056-929.

17. Attached hereto as Exhibit A are true and correct copies of the original Episode VII Photographs.

18. In 2016, Leibovitz was invited to the set of *Star Wars Episode VIII*

where she was granted exclusive access to photograph images of the cast and crew of *Star Wars Episode VIII* for the June 2017 issue of *Vanity Fair Magazine*.

19. In 2017, 13 of Leibovitz' photographs of the cast and crew of *Star Wars Episode VII* were published in *Vanity Fair Magazine* (the "Episode VIII Photographs") with a "VF" watermark at the bottom corner and the caption "PHOTOGRAPH BY ANNIE LEIBOVITZ" for each photograph. *See* https://www.vanityfair.com/hollywood/photos/2017/05/star-wars-the-last-jedi-portraits-annie-leibovitz.

20. Leibovitz registered the Episode VIII Photographs with the United States Copyright Office under registration certificate VA 2-111-252.

21. Attached hereto as Exhibit B are true and correct copies of the original Episode VIII Photographs.

*22.* In 2018 and 2019, Leibovitz was invited to the set of *Star Wars Episode IX* where she was granted exclusive access to photograph images of the case and crew of *Star Wars Episode IX* for the June 2019 of *Vanity Fair Magazine.*

23. In June 2019, 11 of Leibovitz' photographs of the cast and crew of *Star Wars Episode IX* were published in *Vanity Fair Magazine* (the "Episode IX Photographs") with a "VF" watermark at the bottom corner and the caption "PHOTOGRAPH BY ANNIE LEIBOVITZ" for each photograph. *See* https://www.vanityfair.com/hollywood/2019/05/star-wars-cover-story.

24. Leibovitz registered the Episode IX Photographs with the United States Copyright Office under registration certificate VA 2-192-380.

25. Attached hereto as Exhibit C are true and correct copies of the original Episode IX Photographs.

26. The Episode VII Photographs, Episode VII Photographs, and Episode IX Photographs will collectively be referred to as the "Star Wars Photographs"

27. Defendant Consequence Sound LLC is a news and entertainment media

company that provides extensive coverage of movies, television, and other pop culture new items on its website and social media websites.

28. Defendant Consequence Media Group Inc. is a media engagement company that partners with major brands to create digital user engagement across its websites.

29. On information and belief, Defendant CS and Defendant CMG (collectively, the "Defendants") are the owners, operators, and managers of the website www.consequence.net ("Defendants' Website").

30. On or about June 6, 2022, Trunk Archive discovered Leibovitz' Star Wars Photographs published on Defendant's Website in posts titled "Details for Stars Wars The Force Awakens Surface in Vanity Fair Shoot"; "Star Wars The Last Jedi Details and Photos Surface in Vanity Fair Cover Story"; "Star Wars The Rise of Sky Walker Vanity Fair"; and "Film Review: Star Wars The Rise of Skywalker" ("Infringing Posts").

31. Attached hereto as Exhibit D is a true and correct screenshot of the Infringing Posts on Defendant's Website. These include three screenshots of infringing content created, reproduced, displayed, and distributed by Consequence and which remain online and accessible to the public as of August 14, 2026.

32. Leibovitz has never at any point given Defendants a license or other permission to display, distribute or otherwise use the Star Wars Photographs on the Defendants' Website or any other website or platform.

33. Defendants (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Star Wars Photographs to the Defendants' Website without Leibovitz's consent or authorization

34. Soon after discovering the Defendants' infringements of the Star Wars Photographs, Leibovitz, through her licensee Trunk Archive, sent a letter to the

Defendants at their principal place of business in Florida, demanding Defendants immediately cease and desist use of the Star Wars Photographs and make reasonable compensation to Trunk Archive for Defendants' past and ongoing violations of the copyrights.

35. Leibovitz, through Trunk Archive, subsequently made no less than 13 additional attempts to contact and resolve the dispute with Defendants by email, phone, and traditional mail.

36. Defendants did not respond to these attempts to resolve the dispute.

37. On information and belief, Defendants' use of the Star Wars Photographs was deliberate and willful because they knew or should have known that they did not have a license to use the Star Wars Photographs and Defendants were aware of the source of the Star Wars Photographs due to the watermarks on each image and the Defendants' own reference to *Vanity Fair Magazine* in each of the Infringing Posts.

38. Trunk Archive and Leibovitz have entered into an exclusive licensing agreement whereunder Trunk Archive has exclusive rights to distribute and license Leibovitz's work and authorize third parties to display, reproduce, create derivatives from, and distribute Leibovitz's work. Leibovitz owns the copyrights for her work. The work at issue in this case is covered by the foregoing.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

39. Leibovitz incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Leibovitz did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Star Wars Photographs.

41. Leibovitz is informed and believes and thereon allege that the Defendants willfully infringed upon the copyrighted Star Wars Photographs in

violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Star Wars Photographs without Leibovitz's consent or authority, by using them in the Infringing Posts.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Leibovitz entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

44. Defendants' knowing removal of Leibovitz's copyright management information from one or more of the works at issue and subsequent publication and distribution of those works under their own name and with knowledge that they had no right to use the works is a further violation of 17 U.S.C. §1202(a) and (b) and thus exposes them to additional statutory damages and attorney's fees under 17 U.S.C. § 1203.

45. Leibovitz is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Leibovitz prays for judgment against Defendants as follows:

- For a finding that Defendants infringed Leibovitz's copyright interest in the Star Wars Photographs by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Leibovitz's election, an

award for statutory damages against Defendants in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger; and statutory damages as allowed by 17 U.S.C. § 1203;

- For an injunction preventing Defendants from further infringement of all copyrighted works of Leibovitz pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. §§ 505 and 1203;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 14, 2026

Respectfully submitted,

DONIGER / BURROUGHS

By: _/s/ Scott Alan Burroughs_
Scott Alan Burroughs
[admitted pro hac vice]
247 Water Street, First Floor
New York, New York
Telephone: (310) 590-1820
scott@donigerlawfirm.com

THE KLEPPIN FIRM, P.A.

By: _/s/Chris Kleppin_
Chris Kleppin
Florida Bar No. 625485
8751 West Broward Boulevard
Suite 105
Plantation, Florida 33324
Tel: 954-424-1933
chris@kleppinlaw.com

*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff Trunk Archive hereby demands a trial by jury in the above matter.

Dated: August 14, 2026

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs
[admitted pro hac vice]
247 Water Street, First Floor
New York, New York
Telephone: (310) 590-1820
scott@donigerlawfirm.com

THE KLEPPIN FIRM, P.A.

By: */s/Chris Kleppin*
Chris Kleppin
Florida Bar No. 625485
8751 West Broward Boulevard
Suite 105
Plantation, Florida 33324
Tel: 954-424-1933
chris@kleppinlaw.com

*Counsel for Plaintiffs*