UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80488-JTK

GREAT BOWERY INC.,

Plaintiff,

v.

CONSEQUENCE SOUND LLC,

Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ANNIE LEIBOVITZ'S MOTION TO INTERVENE**

Defendant Consequence Sound LLC ("Defendant" or "Consequence"), hereby opposes the motion for leave to file an amended complaint filed by Plaintiff Great Bowery, Inc. ("Plaintiff" or "Great Bowery") and third-party Annie Leibovitz's motion to intervene. (ECF No. 71.)

**INTRODUCTION**

The Copyright Act is a powerful tool. Under the Copyright Act, rightsholders who register their works with the Copyright Office before an infringement may elect to pursue statutory damages, and district courts are empowered to award attorneys' fees to prevailing parties. A threat of attorneys' fees and statutory damages is often sufficient to obtain a good result for a rightsholder without filing suit. Because the Copyright Act provides such powerful levers to rights holders, it carefully limits those who have standing to pursue a claim for copyright infringement to the owners of specifically enumerated copyright rights. The Copyright Act does not allow a rights holder to appoint a third-party to litigate on their behalf.

Great Bowery knew that at least one federal district court thought that it did not have standing to bring actions on Leibovitz's behalf when it filed its Complaint against Consequence three years ago, and it did nothing to cure the deficiency. Neither did Leibovitz, who waited until years after Great Bowery initiated this suit against Consequence when the parties had completed discovery, mediation, and were four days away from filing motions for summary judgment. The District Court denied the last minute attempt to cure Great Bowery's lack of standing and dismissed the case. The Eleventh Circuit affirmed the District Court's denial of Great Bowery's previously filed motion to amend and/or intervene but remanded the case to this Court with a mandate to consider whether Great Bowery had standing to bring the claim asserted in this case when it filed this action. The mandate from the Eleventh Circuit would be meaningless if Great Bowery could, on remand, fix its lack of standing by adding Leibovitz as a plaintiff. The mandate should, therefore, be understood as implicitly recognizing that Great Bowery cannot save this action by adding Leibovitz. The mandate's focus on whether or not Great Bowery has standing to bring the claim asserted in the Complaint makes sense, because a plaintiff that lacks standing to bring a claim in federal court cannot retroactively cure the defect by adding a new plaintiff that does have standing. Putting aside the inability of Plaintiff's motion to cure its lack of standing *and* the mandate, the motion should also be denied under Rules 15 and 24 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

On January 2, 2020, three years before bringing this action against Consequence, Great Bowery brought a substantially similar lawsuit in the United States District Court for the District of Oregon against a third-party that allegedly infringed upon the copyright rights in several photographs taken by Leibovitz. Compl. ¶¶ 15-28, *Great Bowery Inc. v. Cascade Digital Media LLC*, No. 6:20-cv-00009-MK (D. Or. Jan. 2, 2020), ECF No. 1. On July 15, 2021, Magistrate

Judge Kasubhai for the District of Oregon issued a Findings and Recommendation concluding that Cascade Digital's motion for summary judgment should be granted on the grounds that the Artist Agreement and Letter of Authorization produced by Great Bowery demonstrated that it owned no exclusive copyright rights in Leibovitz's photographs and therefore lacked standing to bring a claim asserting infringement of those rights. *Cascade Digital*, 6:20-cv-00009-MK, 2021 WL 3716654 at *3 (D. Or. July 15, 2021). On March 29, 2022, exactly one year before Great Bowery initiated this lawsuit against Consequence, the district court adopted Magistrate Judge Kasubhai's Findings and Recommendation. *Cascade Digital*, No. 6:20-cv-00009-MK, 2022 WL 939871 at *1 (D. Or. Mar. 29, 2022). As part of a later settlement between Great Bowery and the defendant in that case, the parties filed a joint motion asking the court to vacate its prior dismissal of the case, which the court did. *Cascade Digital*, No. 6:20-cv-00009-MK, 2022 WL 22895233 at *1 (D. Or. July 12, 2022).

During the year before Great Bowery initiated this suit against Consequence, Great Bowery took no steps to clarify its rights in Leibovitz's photographs. When it initiated this suit just over three years ago, Great Bowery relied on the same agreements that the District of Oregon found insufficient to confer standing on Great Bowery. Great Bowery filed its Complaint asserting a claim for copyright infringement against Consequence because of its allegedly infringing use of Leibovitz's photographs on March 29, 2023. (Compl. ¶¶ 38-43, ECF No. 1.)

On July 27, 2023, the Court issued a detailed scheduling order. (July 27, 2023 Order ("Scheduling Order"), ECF No. 14.) The Scheduling Order required the Parties to join any additional parties and amend any pleading on or before September 25, 2023, complete fact discovery by April 12, 2024, go through mediation on or before May 17, 2024, and file all pretrial motions by May 10, 2024. (Scheduling Order 4-5, ECF No. 14.)

After completing discovery and mediation, more than two years after the District of Oregon dismissed Great Bowery's action on behalf of Leibovitz, roughly six months after the deadline for joinder of additional parties, and four days before the deadline for dispositive motions in this case, Plaintiff moved for leave to file an amended complaint that would have added Leibovitz to the case as a plaintiff. (Pl.'s First Mot. Am. Compl., ECF No. 27.) On July 1, 2024, the District Court granted Consequence's motion for summary judgment and dismissed Great Bowery's claims for lack of standing. *Great Bowery, Inc. v. Consequence Sound LLC*, Case No. 23-CV-80488-ROSENBERG, 2024 WL 3291101 at *4 (S.D. Fla. July 1, 2024).

On appeal, the Eleventh Circuit affirmed the District Court's order denying leave to amend the complaint and expressly rejected Great Bowery's argument that 17 U.S.C. § 501(b) provided Leibovitz with an unconditional right to intervene. *Great Bowery Inc. v. Consequence Sound LLC*, 174 F.4th 1336, 1341 (11th Cir. 2026). The Eleventh Circuit noted that a motion to intervene under Rule 24(a) must be timely and that Great Bowery did not "explain why its motion for leave to amend—even if functionally treated as a motion by Ms. Leibovitz to intervene—was timely." *Id.* The Eleventh Circuit's mandate to the District Court stated that:

> [t]he district court's order granting summary judgment in favor of Consequence relied on a misunderstanding of the law. We therefore vacate that order and remand for further proceedings. On remand, the district court should also reconsider the import—if any—of the Authorization Letter. To the extent Great Bowery contends that the Letter is an independent grant of exclusive rights, the court should analyze that argument in light of this opinion. And to the extent the Letter serves to illuminate the meaning of the Arist Agreement, the court may need to first determine whether the Letter is admissible as parol evidence. To do that, the court will need to decide what state's law governs the Agreement.

(June 4, 2026 Mandate 24-25, ECF No. 55.) The Eleventh Circuit concluded that it "affirm[ed] the denial of Great Bowery's motion to amend the complaint, vacate[d] the district court's order

granting summary judgment in favor of Consequence, and remand[ed] for proceedings consistent with this opinion." (*Id.* at 5.)

On July 1, 2026, the Parties filed a Joint Scheduling Report wherein Great Bowery stated that "Plaintiff believes additional parties may be necessary" if new information was "uncovered during discovery and pending resolution of Plaintiff's anticipated motion for leave to amend." (Joint Scheduling Report 1, ECF No. 63.) Consequence objected to Great Bowery's contemplated motion to amend and/or add parties. (Joint Scheduling Report 1, ECF No. 63.) On August 14, 2026, Great Bowery filed a motion for leave to file an amended complaint and/or a motion on behalf of Leibovitz to intervene. (Pl.'s 2d Mot. Am. Compl., ECF No. 71.) Consequence opposes Great Bowery's motion the following reasons.

## ARGUMENT

### I. Plaintiff Cannot Cure Its Lack of Standing by Joining Leibovitz as a Party

Plaintiff's argument that "Defendants cannot be allowed to continue simultaneously arguing that this case should be dismissed because of Leibovitz's absence while opposing allowing her to join it" misstates Consequence's position. (Pl.'s 2d Mot. Am. Compl. 13, ECF No. 71.) Consequence opposes adding Leibovitz to this case because doing so cannot retroactively cure Great Bowery's lack of standing. The Eleventh Circuit provided a mandate that focuses on determining whether, consistent with holding of the appellate court, Great Bowery had standing to file its Complaint. If the District Court finds that it did, Plaintiff will not need to join Leibovitz to this case. If the District Court finds that Great Bowery lacked standing to bring this action against Consequence, adding Leibovitz as a plaintiff would not save this lawsuit from dismissal.

"Standing is 'the threshold question in every federal case.'" *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 229 (S.D.N.Y. 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted). "The longstanding and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (quoting *Pianta v. H.M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935); *see also United States ex rel. Rudick v. Laird*, 412 F.2d 16 (2d Cir.), *cert. denied,* 396 U.S. 918 (1969)). While a plaintiff may be able to amend a complaint to correct defective allegations of jurisdiction, they may not amend a complaint as "a remedy for defective jurisdiction itself." *Cohen v. Burlington, Inc.*, No. 22-13222, 2023 WL 4364499, *3 (11th Cir. July 6, 2023) (quoting *Pressroom*, 700 F.2d at 893). The Eleventh Circuit recognizes that "if a party lacks standing, then it also lacks standing 'to amend the complaint to consolidate with a party who may have standing.'" *Patel v. United States*, No. 12-62547-MC, 2013 WL 7864737, *2 (S.D. Fla. Mar. 13, 2013) (quoting *Wright v. Dougherty County*, 358 F.3d 1352, 1356 (11th Cir. 2004)). The Federal Rules of Civil Procedure expressly state that the Rules "do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts." Fed. R. Civ. P. 82. Parties cannot use "Rule 15 or any other civil procedure to cure jurisdictional defects by adding a new party." *Patel*, 2013 WL 7864737 at *2 (citing *Fed. Recovery Servs. v. U.S.*, 72 F.3d 447, 453 (5th Cir. 1995)).

Because the addition of Leibovitz would not resolve the question of standing, the Parties should work toward the goals identified in the mandate, which focus on determining whether

Great Bowery had standing to bring the claims at issue against Consequence when it filed the Complaint.

## II. Plaintiff's Motion to Intervene as a Matter of Right Under Rule 24(a) Fails

The Eleventh Circuit requires a party seeking intervention as a right to show that: (1) their motion is timely; (2) they have an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is not adequately represented by the existing parties to the action. *Burke v. Ocwen Fin. Corp.*, 833 F.App'x 288, 290-91 (11th Cir. 2020) (citations omitted). "Putative intervenors . . . bear the burden of proof to establish all four bases for intervention as a matter of right." *Id.* (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted)).

### A. Plaintiff's Motion to Intervene Under Rule 24(a) is Not Timely

In determining whether a motion to intervene is timely, courts in the Eleventh Circuit look at: (1) how long the would-be intervenor knew or reasonably should have known about their interest in the case before moving to intervene; (2) the prejudice parties to the lawsuit may suffer as a result of the intervenor's failure to intervene when they first learned or reasonably should have learned of their interest in the case; (3) the prejudice that the potential intervenor might suffer if their motion is denied; and (4) any "unusual circumstances militating either for or against a determination that the application" is or is not timely. *Burke*, 833 F.App'x at 291. "The burden of proving timeliness is on the proposed intervenor." *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV-GOODMAN, 2017 WL 4577247, *3 (S.D. Fla. Oct. 12, 2017) (citing *Chiles*, 865 F.2d at 1213). Each of these factors demonstrates that Plaintiff's motion is untimely and should not be granted.

### 1. Leibovitz Knew or Should Have Known That She Should be the Plaintiff in Any Case Like This One Since Before Great Bowery Initiated It Over Three Years Ago

Great Bowery initiated this action on March 29, 2023. (Compl., ECF No. 1.) One year before that, the United States District Court for the District of Oregon dismissed a substantially similar copyright infringement lawsuit filed by Great Bowery that alleged infringement of Leibovitz's photographs. *Cascade Digital*, 6:20-cv-00009-MK, 2021 WL 3716654 at *3 (D. Or. July 15, 2021). Leibovitz knew or should have known that Great Bowery might not have standing to bring a lawsuit like the present one even before Great Bowery filed the Complaint against Consequence, but Plaintiff waited for more than a year while the parties completed discovery, went through mediation, and were days away from filing motions for summary judgment before Great Bowery moved to amend the Complaint to add Leibovitz as a plaintiff. (Pl.'s First Mot. Am. Compl., ECF No. 27.)

In *Burke*, the Eleventh Circuit observed that a party that did not move to intervene until January 4, 2019, under two years from the April 20, 2017 filing date of the initiating complaint, had, in the absence of mitigating factors, probably filed an untimely motion. 833 F.App'x at 291. In *Chiles*, the Eleventh Circuit found that a motion to intervene filed by several detainees was timely when filed "only seven months after Senator Chiles filed his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun. 865 F.2d at 1213.

In this case, while Great Bowery initially moved to amend the Complaint on May 6, 2024, just over a year from the date it initiated this action, Leibovitz and Great Bowery were or should have been aware of Leibovitz's interest in the subject matter of this case and Great Bowery's potential lack of standing. Under these circumstances, waiting more than a year to intervene is a strong indication that Plaintiff's motion is not timely and should be denied.

In *Baker*, the Southern District of Florida considered intervenors who were *in prison* when the underlying action was instituted and still moved to intervene within roughly a year and a half after regaining their freedom. 2017 WL 4577247 at *5. Stating that "[t]he timeliness question [was] a close one" the court observed that "[h]ad this case progressed beyond the pleading stage, [the intervenors'] lengthy delay in moving to intervene would likely have been inexcusable." *Id.* In this case, Plaintiff delayed nearly as long but the Parties litigated past a dispositive ruling on summary judgment to a mandate from the Eleventh Circuit vacating that dismissal. Plaintiff's motion to amend fails because it is not timely.

**2. Allowing Leibovitz to Intervene At Least Three Years After She Knew or Should Have Known About Her Interest in this Proceeding Would Prejudice Consequence**

Allowing Leibovitz to intervene despite her calculated delay would cause undue prejudice to Consequence, which completed one round of discovery, mediated the dispute with Great Bowery, briefed and won a motion for summary judgment on the grounds that Great Bowey lacked standing to bring this action, and responded to Great Bowery's appeal in the Eleventh Circuit, which remanded the case to this Court for consideration of Great Bowery's standing in light of the Eleventh Circuit's opinion.

Aside from the expense and effort of litigating for three years, allowing Leibovitz to intervene would cause harm to Consequence because Leibovitz, having waited so long to intervene, would bring new legal and factual issues before the Parties. Allowing Leibovitz to intervene would prevent the Parties from focusing on the issues described in the mandate, namely, whether Great Bowery had standing to file this lawsuit under the law as clarified by the appellate court. For example, because Leibovitz waited so long to intervene, the Copyright Act's three-year statute of limitations may bar her from asserting the claims asserted in the Complaint. 17 U.S.C. § 507(b).

**3. Leibovitz Has Not Established the Possibility of Impairment Absent Intervention in this Action**

Leibovitz's memorandum in support of her motion to intervene as a matter of right states that she "would suffer great prejudice if her motion is denied and defendants would assuredly renew their efforts to dismiss or delay this case . . . ." (Pl.'s 2d Mot. Am. Compl. 13, ECF No. 71.) Plaintiff offers no factual support for its conclusion that Leibovitz "would suffer great prejudice if her motion is denied" and has therefore failed to meet its burden on this prong.

**4. Great Bowery's Unusual Relationship with Leibovitz Weighs Against the Motion to Intervene**

This is not the first time that Great Bowery and Leibovitz have had a copyright lawsuit dismissed because their arrangement does not confer standing on Great Bowery. The District of Oregon dismissed a nearly identical complaint under almost identical circumstances a year before Great Bowery filed the Complaint that started this action. *Cascade Digital*, 2021 WL 3716654 at *3. Granting Great Bowery a clear, exclusive license to one or more of the six copyright rights enumerated in the Copyright Act could have been accomplished with a five-minute edit to the prior agreement between Great Bowery and Leibovitz. Instead, Leibovitz continued to send Great Bowery, her agent, into federal courts across the country to litigate on her behalf. Leibovitz could have filed her own action at any point during the past three years, including immediately after Consequence reviewed her agreement with Great Bowery and objected to Plaintiff's lack of standing. She cannot, however, step into the shoes of a proxy that never had standing and cure that deficiency. The unusual circumstances of this case were created by Great Bowery and Leibovitz and weigh against allowing Leibovitz to intervene as a matter of right.

**B. Continuing this Suit Without Leibovitz Will Not Impede or Impair Her Ability to Protect Any Interest that She Has in its Subject Matter**

The Eleventh Circuit recognizes that "[a] prospective intervenor is . . . not likely to suffer impairment of its interests where it is free to assert its rights in a separate action." *Burke*, 833 F.App'x at 293 (quoting *Anderson Columbia Envtl., Inc. v. United States*, 42 Fed. Cl. 880, 882 (1992)). In this case, Leibovitz has always been free to bring her own, separate action to enforce her rights. If she had no reason to believe she could at the start of the lawsuit, she might have done so as soon as Consequence took the position that Great Bowery lacked standing. Her freedom to continue enforcing her rights weighs against allowing her to intervene in this matter.

Great Bowery argues that proceeding without Leibovitz as a plaintiff "may impair or impede [Leibovitz's] ability to protect [her] interest[,]" but any harm to Leibovitz's interests caused by this lawsuit flow directly from her litigation strategy with Great Bowery and not any position asserted by Consequence, which agrees that Leibovitz is the owner of the works at issue. (Pl.'s 2d Mot. Am. Compl. 14, ECF No. 71.) Plaintiff's reliance on a recent decision from the Central District of California is misplaced. *See Nirvana L.L.C. v. Mark Jacobs Int'l L.L.C.*, No. LA CV18-10743 JAK, 2021 WL 11707536 (SKk) (C.D. Cal. Dec. 9, 2021).

In *Nirvana*, the plaintiff claimed ownership of the copyright in a smiley face design and logo that it alleged one of its members had created and the band had used for many years. 2021 WL 11707536, *1. The plaintiff band brought an action against Marc Jacobs, a designer that released a collection of clothing featuring allegedly infringing designs. *Id.* at *2. The Central District of California recognized that the prospective intervenor, who claimed that he created the design at issue, had interests that would be impaired if the "action were to be resolved in a manner that would affirm the validity of Nirvana's ownership of the Happy Face, or that would determine that Defendants did not infringe upon the Happy Face illustration." *Id.* at 3. Continuing this action without Leibovitz risks no such impairment of her interests.

### C. Great Bowery's Goals and Interests Are Perfectly Aligned with Leibovitz's Interests in this Case

Plaintiff does not argue that Great Bowery has not acted diligently to obtain the best possible result for Leibovitz in this lawsuit. Great Bowery's attorneys have been effective. An award to Great Bowery would directly benefit Leibovitz. Great Bowery and Leibovitz's interests are entirely aligned like those of the homeowners and Homeowners' Association that the Eleventh Circuit considered in *Chiles* and recognized as having an interest that was identical to one of the parties already in that proceeding. The court noted that "where [the] interest of [a] proposed intervenor is the same as that of one of the parties, [the] court can presume that the interest is adequately represented[.]" 865 F.2d at 1215 (citation omitted).

The only impairment that Leibovitz might face would be a direct result of her reliance on a third-party to litigate on her behalf, which the Copyright Act does not allow and which, as discussed above, cannot be cured with a motion to intervene that swaps a party with standing for an original party to the action that does not. Plaintiff's argument that "Leibovitz would suffer great prejudice if her motion is denied" because Consequence "would assuredly renew [its] efforts to dismiss or delay this case" is unfounded. Leibovitz could have filed her own action against Consequence years ago but chose not to.

## III. Plaintiff Fails to Carry Its Burden and Its Motion to Intervene Under Rule 24(b) Should be Denied

Plaintiff's motion should be denied under Rule 24(b), which contemplates permissive intervention. Fed. R. Civ. P. 24(b). Rule 24(b)(3) states that courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Burke*, 833 F.App'x at 294 (quoting Fed. R. Civ. P. 24(b)(3)). In *Burke*, the Eleventh Circuit found that the District Court applied the correct legal standard when it denied a motion to intervene under Rule 24(b) because "the proposed intervenors fail to identify a common question

of fact or law in support of permissive intervention" and that "[e]ven if there were some overlap between" the parties' claims and those of the proposed intervenors, "the present parties in this action would suffer prejudice and undue delay" because allowing them to intervene "would inevitably force the parties in this case to litigate factual questions" and broaden the scope of discovery, which had been underway for more than a year. 833 F.App'x at 294.

In this case, while Great Bowery and Leibovitz would share some overlapping questions of fact or law, an intervening Leibovitz would inject many significant questions or law and fact that would not apply to Great Bowery, such as whether Leibovitz's claims would be barred by the Copyright Act's three-year statute of limitations. 17 U.S.C. § 507(b).

**CONCLUSION**

The mandate from the Eleventh Circuit points to the threshold question of whether Great Bowery had standing to bring this action when it filed the Complaint. If it does not, then it does not have standing to amend the Complaint and adding a party that does have standing would not cure the defect. Great Bowery's motion to amend and Leibovitz's motion to intervene should be denied.

Respectfully submitted,

By: /C. Cory Mauro/

C. Cory Mauro
Florida Bar No. 384739
MAURO LAW P.A.
1001 Yamato Road, Suite 401
Boca Raton, Florida 33431
(t) 561.202.1992
(e) cory@maurolawfirm.com
(e) service@maurolawfirm.com

Anderson J. Duff (*pro hac vice*)
DUFF LAW PLLC
353 Ocean Ave. Ste. 4E
Brooklyn, New York 11226

(t) 646.450.3607
(e) ajd@hoganduff.com

*Attorneys for Defendant*
*Consequence Sound LLC*